[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13243
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-80127-CV-DTKH

PEPI SCHAFLER, Dr.,

Plaintiff-Appellant,

versus

FAIRWAY PARK CONDOMINIUM ASSOCIATION,
AND EACH INDIVIDUAL MEMBER OF THE BOARD, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(August 30, 2005)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Dr. Pepi Schafler, a pro se litigant in a diversity action, appeals the district

court's award of attorneys' fees to Indian Springs Maintenance Association

("Indian Springs"). After reviewing the record and the contentions of the parties, we **AFFIRM**.

## I. BACKGROUND

On 12 February 2002, Schafler initiated an action in the United States District Court for the Southern District of Florida against Indian Springs and various other defendants. She alleged, inter alia, that Indian Springs improperly rejected a tenant to whom she had agreed to lease her condominium. The district court granted the defendants' motion to dismiss and denied Schafler's motion for reconsideration.

On appeal, we affirmed the district court's order of dismissal. Additionally, we granted Indian Springs's motion for appellate attorneys' fees and remanded the case to the district court to determine the amount to be awarded. At a subsequent evidentiary hearing before a magistrate judge, Hugo Alvarez, an attorney of the firm representing Indian Springs on its defense of Schafler's appeal, testified regarding his firm's representation. He testified that his firm is appointed by CNA Insurance and that CNA Insurance has paid his firm the fees at issue. Adopting the report and recommendation of the magistrate judge, the district court awarded Indian Springs $3,290 in attorneys' fees. Schafler moved for reconsideration and argued that Indian Springs had no standing to make a claim for attorneys' fees

2

because those fees had already been paid by its insurance company. The district court denied Schafler's motion for reconsideration, and Schafler timely appealed.

On appeal, Schafler argues that the district court erred in awarding Indian Springs attorneys' fees because the legal work completed by Alvarez had already been paid by Indian Springs's insurance company.[1]

## II. DISCUSSION

An award of attorneys' fees is reviewed for abuse of discretion. Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1322 (11th Cir. 2004). "'An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination or bases an award [or a denial] upon findings of fact that are clearly erroneous.'" Id. (citation omitted).

Under Florida law, a prevailing party may be entitled to payment of attorneys' fees by a losing party if that party or its attorney "knew or should have known that a claim or defense when initially presented to the court or at any time

---

[1] Additionally, Schafler argues that Alvarez committed perjury in an affidavit submitted to our court by stating (1) that Indian Springs "'retained'" his law firm, when in fact his firm is appointed by Indian Springs's insurance company; and (2) that Indian Springs "'is responsible'" for paying his firm's fees, when in fact its insurance company paid the fees. Appellant's Opening Brief at 9. Schafler thus requests that we refer Indian Springs's counsel for criminal prosecution. In response, Indian Springs requests that we admonish Schafler. We decline both requests.

In her reply brief, Schafler also contends that the district court lacked jurisdiction to determine the amount of the attorneys' fees award because it previously had dismissed the case for lack of jurisdiction. This argument has no merit.

before trial: (a) was not supported by the material facts necessary to establish the claim or defense; or (b) would not be supported by the application of then existing law to those material facts." FLA. STAT. ANN. § 57.105(1). The purpose of this rule "'is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney[s]' fees awards on losing parties who engage in these activities.'" Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1227 (11th Cir. 2003) (citation omitted). Accordingly, recovery of attorneys' fees has been permitted in situations where the client's attorney has received payment from a source other than the client, Fairley v. Patterson, 493 F.2d 598, 605-06 (5th Cir. 1974) (court properly awarded attorneys' fees to a party whose attorneys had received already compensation for their service from a tax free foundation), or where the client would be indemnified by insurance for attorneys' fees, Church of Scientology of California v. Cazares, 638 F.2d 1272, 1291 (5th Cir. 1981) (citing Perez v. Rodriguez Bou, 575 F.2d 21, 24 (1st Cir. 1978) (finding no merit "in defendant's argument that attorneys' fees should not be awarded because plaintiffs . . . were not charged for the legal services they received")).

Both the Florida Supreme Court and the district courts in this Circuit employ the federal lodestar approach to set reasonable fee awards. See Loranger

4

v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam);  Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985).  Under the lodestar formula, a court must first determine the attorney's reasonable hourly rate.  Loranger, 10 F.3d at 781.  In arriving at this figure, the court may consider the twelve factors discussed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), which provided the prior formula for calculating attorneys' fees.  Loranger, 10 F.3d at 781 n.6.  These factors include:  (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases.  Johnson, 488 F.2d at 717-19.  Next, the court takes the reasonable hourly rate and multiplies it by the "reasonable number of compensable hours."  Loranger, 10 F.3d at 781.  This formula does not require a district court to consider insurance

coverage or the existence of indemnification agreements.  Id.; see Johnson, 488

F.2d at 717-19.

In this case, the magistrate judge heard testimony that CNA Insurance had

paid for Indian Springs's representation on appeal.  However, a district court

determining the amount of a reasonable fee under the lodestar formula need not

consider insurance coverage or other indemnification agreements, see Johnson,

488 F.2d at 717-19, and recovery of attorneys' fees is allowed even though the

client's attorney has received payment from another source, see Fairley, 493 F.2d

at 605-06; Church of Scientology, 638 F.2d at 1291.  Further, the reduction of an

attorneys' fee award against a plaintiff because of the defendant's insurance

coverage would undermine the purpose of an award of attorneys' fees, which is to

discourage baseless appeals.  Accordingly, we conclude that the district court did

not abuse its discretion in calculating the appellate attorneys' fees to be $3,290.

### III.  CONCLUSION

Because we conclude that the district court did not abuse its discretion in

setting the amount of appellate attorneys' fees at $3,290, even though Indian

Spring's counsel had already been paid by an insurance company, we **AFFIRM**.