# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20079

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2015

Lyle W. Cayce
Clerk

D. G., by and through his mother and Next Friend, LaNisha T.,

     Plaintiff - Appellant

v.

NEW CANEY INDEPENDENT SCHOOL DISTRICT,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before OWEN, GRAVES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

In this case, a mother proved in an administrative hearing that a school district had violated her child's right to a free appropriate public education by repeatedly placing him in isolation during school hours. Congress has provided that the prevailing party in such a hearing may file an action in federal court to recover reasonable attorneys' fees. This appeal asks us to decide how quickly that action must be filed. For the reasons that follow, we REVERSE the district court's determination that a party who prevails in an administrative hearing under the Individuals with Disabilities Education Act (the "IDEA" or "Act") must seek attorneys' fees no later than ninety days after the hearing officer's decision.

No. 15-20079

## I. BACKGROUND

**A. The IDEA**

The IDEA "is a Spending Clause statute that seeks to ensure that 'all children with disabilities have available to them a free appropriate public education.'" *Schaffer v. Weast*, 546 U.S. 49, 51 (2005) (quoting 20 U.S.C. § 1400(d)(1)(A)). To receive federal funding under the Act, each state must comply with certain conditions, including procedural safeguards set forth in § 1415. *See* 20 U.S.C. § 1412(a), (a)(6)(A). One of these conditions is that each state must allow "any party to present a complaint . . . with respect to any matter relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." *Id.* § 1415(b)(6)(A). If the matter cannot be resolved through an informal meeting, complaining parents have a right to an "impartial due process hearing" conducted by a state or local educational agency, as provided by state law. *Id.* § 1415(f)(1)(A), (f)(B)(ii). If a local agency conducts that hearing, "any party aggrieved by the findings and decision rendered . . . may appeal such findings and decision to the State educational agency." *Id.* § 1415(g)(1).

After that appeal, or if the forum state has only one level of administrative review, "[a]ny party aggrieved by the findings and decision made" at the highest level of administrative review may "bring a civil action" in state or federal court "with respect to the complaint presented pursuant to [§ 1415] . . . without regard to the amount in controversy." *Id.* § 1415(i)(2)(A). In 2004, Congress amended the IDEA to add current subparagraph (i)(2)(B), which reads: "The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." *Id.* § 1415(i)(2)(B). Prior to that amendment, the Act did not specify any limitations period for the filing of a

No. 15-20079

civil action by an aggrieved party, and courts borrowed statutes of limitations from state law. *See, e.g.*, *Scokin v. Texas*, 723 F.2d 432, 436–38 (5th Cir. 1984); *Adler v. Educ. Dep't*, 760 F.2d 454, 456–60 (2d Cir. 1985).

In 1984, the Supreme Court held that attorneys' fees were not recoverable in actions brought to secure rights under the IDEA's predecessor, the Education of the Handicapped Act. *Smith v. Robinson*, 468 U.S. 992, 1009–13 (1984). In response, Congress enacted the Handicapped Children's Protection Act of 1986, which effectively overruled *Smith* by authorizing courts to award attorneys' fees to prevailing parents or guardians of handicapped children. *Counsel v. Dow*, 849 F.2d 731, 734 (2d Cir. 1988). This provision was made retroactive to permit recovery of fees for actions pending at the time of, or brought after, *Smith*. *See* Handicapped Children's Protection Act of 1986, Pub. L. No. 99-372, § 5, 100 Stat. 796 (1986); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 235 (1995).

The IDEA as codified includes a paragraph titled "Jurisdiction of district courts; attorneys' fees." 20 U.S.C. § 1415(i)(3). That paragraph provides that federal district courts "shall have jurisdiction of actions brought under this section without regard to the amount in controversy." *Id.* § 1415(i)(3)(A). It also states: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." *Id.* § 1415(i)(3)(B)(i)(I).[1] In this context, "a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA." *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 421–22 (5th Cir. 2009) (citation

---

[1] A substantially similar attorneys' fees provision was formerly codified at 20 U.S.C. § 1415(e)(4)(A)–(B), effective to June 30, 1998.

omitted). "An administrative hearing officer's order provides the requisite 'judicial imprimatur' for a party to be considered a 'prevailing party' for attorney's fee purposes, despite the fact that the administrative hearing officer does not have the authority to award attorney's fees." *Id.* at 422 n.4.

**B. Facts and Proceedings Below**

When his administrative complaint was filed, "D.G." was a thirteen-year-old student who received special education services from New Caney Independent School District ("NCISD") because of his Attention Deficit Hyperactivity Disorder and learning disability. On March 2, 2012, D.G. filed a request for a due process hearing with the Texas Educational Agency, alleging that NCISD had violated his right to a free appropriate public education by, among other things, repeatedly isolating and physically restraining him for no valid educational purpose. In May 2012, a special education hearing officer conducted a due process hearing, at which D.G. was represented by counsel.

On July 3, 2012, the hearing officer issued a thirty-three-page decision finding that NCISD's practice of isolating and restraining D.G. for extended periods of time was not based on peer-reviewed research, was not the least restrictive appropriate educational placement, did not afford D.G. sufficient interaction with non-disabled peers, and did not provide D.G. "the basic floor of opportunity" guaranteed by the IDEA. The hearing officer concluded that D.G. "was denied a free appropriate public education for the entire 2011–12 school year," and ordered NCISD to create a new education plan for D.G. that would, among other goals, "reduc[e] or eliminat[e] isolation and restraint as punishers," afford increased opportunities for social interaction, and provide adequate counseling services. NCISD did not seek judicial review of the hearing officer's decision.

D.G. sent a letter to NCISD requesting attorneys' fees on October 29, 2012. On October 31, 2012—120 days after the hearing officer's decision—D.G. filed a complaint in the United States District Court for the Southern District of Texas, seeking attorneys' fees under § 1415(i)(3)(B). On January 30, 2013, NCISD moved for summary judgment on the ground that D.G.'s complaint for attorneys' fees was time-barred. The district court granted that motion in a three-page opinion issued on January 8, 2015, and entered judgment against D.G. This appeal timely followed.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment "de novo, applying the same standard on appeal as that applied below." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 54(a). We review de novo jurisdictional issues including standing. *Nat'l Fed. of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 208 (5th Cir. 2011).

## III. DISCUSSION

### A. Standing

We first address NCISD's argument—raised for the first time the weekend before oral argument—that D.G. lacks Article III standing to pursue attorneys' fees because his legal services were provided free of cost by Disability Rights Texas, a publicly funded advocacy organization. To establish Article III standing, a plaintiff must show that he suffered an injury-in-fact that is fairly traceable to the challenged conduct of the defendant and will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). NCISD does not at this stage contest that its conduct injured D.G. by failing to afford him a free appropriate public education, or

deny that D.G.'s mother is a "prevailing party" authorized to seek fees in a civil action under the IDEA. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I). Rather, NCISD argues that neither D.G. nor his mother has suffered an Article III injury-in-fact that could be redressed by an award of attorneys' fees because neither has paid or been billed for their attorneys' legal services.

This argument lacks merit. NCISD cites no case holding that a plaintiff lacked standing to seek attorneys' fees because the fees sought were not paid by or billed to the plaintiff, or because counsel works for a publicly funded organization.[2] To the contrary, courts including this one have allowed recovery of attorneys' fees "in situations where the client's attorney has received payment from a source other than the client." *Schafler v. Fairway Park Condominium Ass'n*, 147 F. App'x 113, 114 (11th Cir. 2005) (citing *Fairley v. Patterson*, 493 F.2d 598, 605–06 (5th Cir. 1974) (affirming award of fees to attorneys employed by tax-free foundation who would not have received payment from clients)). And "the Courts of Appeals have held with substantial unanimity that publicly funded legal services organizations may be awarded fees." *Washington v. Seattle Sch. Dist. No. 1*, 458 U.S. 457, 487 n.31 (1982) (collecting cases); *see, e.g.*, *Eggers v. Bullitt Cty. Sch. Dist.*, 854 F.2d 892, 899 (6th Cir. 1988) (holding that the IDEA's predecessor "allow[ed] an award of attorney's fees to prevailing parents represented by publicly-funded attorneys"); *Perez v. Rodriguez Bou*, 575 F.2d 21, 24 (1st Cir. 1978) ("We also

---

[2] The most relevant case NCISD cites in its motion to dismiss, *Emery v. Roanoke City School Board*, 432 F.3d 294 (4th Cir. 2005), is readily distinguishable. There, the Fourth Circuit held that a student who waited to sue under the IDEA until he was too old to receive a free appropriate public education presented no redressable injury-in-fact because the IDEA does not provide for monetary damages, a court could no longer fashion any injunctive relief, and the plaintiff had expended no funds on his education that could be reimbursed under the statute. *Id.* at 299. Here, there is no dispute that D.G.'s parents prevailed in the administrative hearing, and that the IDEA authorizes courts to award attorneys' fees to parents that prevail in such proceedings. 20 U.S.C. § 1415(i)(3)(B)(i)(I).

see no merit in defendant's argument that attorneys' fees should not be awarded because plaintiffs were represented by attorneys of . . . a publicly funded corporation, and were not charged for the legal services they received."), *cited with approval in Church of Scientology of Cal. v. Cazares*, 638 F.2d 1272, 1291 (5th Cir. 1981). Accordingly, we DENY NCISD's motion to dismiss for lack of jurisdiction, and turn to the parties' merits arguments.

## B.  Section 1415(i)(2)(B)

The district court held that D.G.'s fees action was untimely because it was not filed within ninety days of the hearing officer's decision. The district court based this conclusion on the following provisions:

> (2) Right to bring civil action
> (A) In general
> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.
> (B) Limitation
> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

20 U.S.C. § 1415(i)(2)(A)–(B). Although the hearing officer had no authority to award attorneys' fees, the district court concluded that D.G. was aggrieved by the administrative decision because "he is unrequited of attorney's fees." The district court also stated without elaboration that the location of the IDEA's

attorneys' fees provision in a separate part of the Act "does not change the result." On appeal, NCISD primarily defends the district court's decision that § 1415(i)(2)(B) applies to actions seeking only attorneys' fees.[3]

NCISD does not cite—and we have not found—any other case holding that § 1415(i)(2)(B) applies to claims for attorneys' fees. Although no circuit court has squarely addressed the issue,[4] many district courts have rejected NCISD's argument, holding that § 1415(i)(2)(B) applies only to actions filed by parties seeking judicial review of adverse decisions.[5] Persuaded that this

---

[3] NCISD's counsel was unable to identify any record evidence that NCISD informed D.G.'s mother of its view that an action for attorneys' fees had to be filed no later than ninety days after the hearing officer's decision. *See Scokin*, 723 F.2d at 438 ("We agree that the [IDEA predecessor's] requirement that educational agencies inform parents of all available procedures includes a duty to inform parents of the limitations period for judicial review."); *Powers v. Ind. Dep't of Educ.*, 61 F.3d 552, 559 (7th Cir. 1995) (holding that state agencies must provide notice of the limitations period for seeking attorneys' fees under the IDEA). Because D.G. does not argue this issue, however, we do not address it.

[4] The Ninth Circuit recently described with apparent approval a district court's decision that § 1415(i)(2)(B) does not apply to suits for attorneys' fees, but articulated no holding on the issue because on appeal "neither party question[ed] the district court's determination that the request for attorneys' fees is not subject to the 90-day limitations period." *See Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1062 & n.5 (9th Cir. 2015). NCISD attempts to support its argument that § 1415(i)(2)(B) governs this case with a footnote in *Ruben A. v. El Paso Independent School District*, which held that a counterclaim was *not* a new "civil action" governed by § 1415(i)(2)(B). 414 F. App'x 704, 707 & n.11 (5th Cir. 2011) (unpublished). But that footnote's only authority is an out-of-circuit case that did not involve a claim for attorneys' fees. *See Jonathan H. v. Souderton Area Sch. Dist.*, 562 F.3d 527, 530 (3d Cir. 2009) (where student challenged hearing officer's denial of tuition reimbursement, school district's counterclaim challenging other aspect of hearing officer's decision was not a new "action").

[5] *See, e.g., J.H. ex rel. Sarah H. v. Nev. City Sch. Dist.*, No. 2:14-CV-00796-TLN-EFB, 2015 WL 1021424, at *5 (E.D. Cal. Mar. 6, 2015) ("[T]he IDEA does not establish a statute of limitations to bring a claim for attorneys' fees in federal court."); *G-N v. City of Northampton*, 60 F. Supp. 3d 267, 269 (D. Mass. 2014) (concluding that § 1415(i)(2)(B) applies only to appeals of adverse due process hearing decisions, not actions for attorneys' fees); *S.F. ex rel. J.F. v. Cabarrus Cty. Bd. of Educ.*, No. 1:12CV560, 2013 WL 4552639, at *8 & n.9 (M.D.N.C. Aug. 28, 2013) ("[N]o statute of limitations is provided under the IDEA for attorneys' fee claims."); *Meridian Joint Sch. Dist. No. 2 v. D.A.*, No. 1:1-cv-00320-CWD, 2013 WL 3270424, at *13–14 (D. Idaho June 25, 2013) ("[S]everal courts have held, and this Court agrees, that the 90-day statute of limitations contained in § 1415(i)(2)(B) does not apply to claims for attorneys' fees under § 1415(i)(3)(B)."), *aff'd*, 792 F.3d 1054 (9th Cir. 2015); *P.M. ex rel. S.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248, at *4 (W.D.N.Y. Jan. 9,

robust consensus is correct, we hold that the IDEA contains no express statute of limitations for an action seeking attorneys' fees.

"As in any statutory construction case, '[w]e start, of course, with the statutory text,' and proceed from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.'" *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013) (alterations in original) (quoting *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006)). Section 1415(i)(2)(A) authorizes the filing of a civil action by "[a]ny party aggrieved by the findings and decision made" in an IDEA due process hearing. 20 U.S.C. § 1415(i)(2)(A). The next subparagraph, which contains the limitations period at issue, is full of antecedent-referential language: "The party bringing *the action* shall have 90 days from the date of the decision of the hearing officer to bring *such an action*, or, if the State has an explicit time limitation for bringing *such action* under this subchapter, in such time as the State law allows." *Id.* § 1415(i)(2)(B) (emphasis added). This language suggests that § 1415(i)(2)(B) applies to a type of "action" that the statute has just described. As a general matter, "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent." 2A Norman Singer & Shambie Singer, Sutherland Statutory Construction § 47:33 (7th ed. 2014); *see also Free v. Abbott Labs., Inc.*, 164 F.3d 270, 275 n.7 (5th Cir. 1999) ("[A] qualifying phrase in a statute 'usually is construed to apply to the provision or clause immediately preceding it.'" (citation omitted)); *The*, Oxford English Dictionary (online ed. 2015) (noting that "the" is generally used to "[m]ark[] an object as before mentioned or

---

2012) (finding that the addition of § 1415(i)(2)(B) "did not change the applicable statute of limitations for the purposes of an attorney fees claim"); *Wilson v. District of Columbia*, 269 F.R.D. 8, 18 (D.D.C. 2010) ("[T]o employ the 90-day limitations period to the plaintiff's claim for attorneys' fees would defy the congressional intent of the statute as evidenced by the plain language of the statute itself.").

already known"); *Such*, Black's Law Dictionary (9th ed. 2009) ("That or those, having just been mentioned."). The most natural reading of § 1415(i)(2)(B), then, is that it applies only to actions described in the immediately preceding § 1415(i)(2)(A)—those filed by parties "aggrieved by" the administrative decision—and not to actions filed by prevailing parties seeking attorneys' fees, which are described in a subsequent paragraph, § 1415(i)(3).

Sections 1415(i)(2) and 1415(i)(3) contain separate jurisdictional grants, and the weight of authority holds that they create two distinct causes of action. *See, e.g.*, *Robert K. v. Cobb Cty. Sch. Dist.*, 279 F. App'x 798, 800 (11th Cir. 2008) (unpublished) ("[Section] 1415(i)(3)(B)(i)(I) creates a cause of action for parents to recover attorneys' fees."); *Zipperer v. Sch. Bd.*, 111 F.3d 847, 851 (11th Cir. 1997) ("We agree that the IDEA provides two distinguishable causes of action."); *Moore v. District of Columbia*, 907 F.2d 165, 171 (D.C. Cir. 1990) (holding that former § 1415(e)(4) created a distinct cause of action for attorneys' fees and noting the separate jurisdictional grants). Indeed, by the time Congress enacted current § 1415(i)(2)(B), many courts had applied different limitations periods to the two types of actions. *See, e.g.*, *Ga. State Dep't of Educ. v. Derrick C.*, 314 F.3d 545, 549–52 (11th Cir. 2002) (holding that thirty-day limitations period in state Administrative Procedures Act governed actions for substantive judicial review under IDEA, but a longer limit applied to attorneys' fees actions); *Zipperer*, 111 F.3d at 851 (collecting cases); *Shanahan v. Bd. of Educ.*, 953 F. Supp. 440, 443 (N.D.N.Y. 1997) (same). And as discussed above, courts have continued to do so after current § 1415(i)(2)(B)'s addition.

Contrary to the district court's compressed analysis, it makes little sense to characterize a party as "aggrieved by" the decision of a hearing officer that awarded that party all of the relief she sought, merely because the hearing officer did not order the payment of attorneys' fees that he had no authority to

award. *See Antkowiak v. Ambach*, 838 F.2d 635, 641 (2d Cir. 1988) (noting that parents who "received precisely the relief they sought from the hearing officer" could not seek judicial review as parties aggrieved under the IDEA's predecessor); *Robinson v. Pinderhughes*, 810 F.2d 1270, 1273 (4th Cir. 1987) ("Access to the courts [under former § 1415(e)(2)] is provided only to review *adverse administrative orders*, i.e. to the 'party aggrieved.'" (emphasis added)); *see also Richard R.*, 591 F.3d at 422 n.4 (noting that hearing officers in Texas have no authority to award attorneys' fees). As one court has noted, that characterization "is contradictory—a party cannot have been 'aggrieved' and be said to have 'prevailed' in the same action where there was only one outcome. One term clearly connotes loss while the other indicates victory." *P.M. ex rel. S.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248, at \*4 (W.D.N.Y. Jan. 9, 2012). NCISD does not explain why Congress would have intended "party aggrieved" to encompass such a counterintuitive meaning in this statute.[6] We thus conclude that § 1415(i)(2)(B) applies only to actions brought by aggrieved parties seeking judicial review of adverse administrative decisions, and not to actions brought by prevailing parties seeking attorneys' fees.

---

[6] Writing before the addition of the ninety-day limitations period, the Sixth Circuit read one of its prior cases as reasoning that "the IDEA had the effect of making a parent who prevailed in the administrative proceedings with the assistance of counsel an 'aggrieved' party, for purposes of 20 U.S.C. § 1415(i)(2), insofar as there was no award of attorney fees." *King v. Floyd Cty. Bd. of Educ.*, 228 F.3d 622, 625 (6th Cir. 2000). But the word "aggrieved" does not even appear in that earlier case, which actually interpreted the predecessor to current § 1415(i)(2)(A) as providing "that a civil action may be brought . . . *only after a party loses at the administrative hearing.*" *Eggers*, 854 F.2d at 895 (emphasis added). The court in *Eggers* then found that the legislative history of the predecessor to current § 1415(i)(3)(B) was "clear that parents prevailing at the administrative level could bring a separate action for an award of attorney's fees." *Id.* at 898. Because *King* cited no other authority for its "party aggrieved" logic, that case does not persuade us that hearing officers who grant relief to parents of disabled children aggrieve them by failing to exercise power they do not have.

This conclusion flows from the "plain language of the statute itself," *Wilson v. District of Columbia*, 269 F.R.D. 8, 18 (D.D.C. 2010) (rejecting argument that § 1415(i)(2)(B) applies to fees actions), but to the extent that the statute could be viewed as ambiguous, legislative history also supports our view. The Senate Report detailing the amendments that included current § 1415(i)(2)(B) explains that the Act as amended

> contains a new provision, . . . which gives a party 90 days from the date of the decision of the hearing officer *for appealing a due process hearing decision to State or federal district court*, or if there is an explicit State time limitation set out by State statute or regulation, in such time as the State law allows.

S. Rep. No. 108-185, at 42 (2003) (emphasis added). This part of the report does not mention actions for attorneys' fees by prevailing parties, and a separate part of the report explaining amendments to the Act's attorneys' fees provisions does not mention a new limitations period. *See id.* As courts have noted, this suggests that § 1415(i)(2)(B) "appl[ies] only to appeals of 'a due process decision,' not other actions, such as those for attorneys' fees." *G-N v. City of Northampton*, 60 F. Supp. 3d 267, 269 (D. Mass. 2014) (citation omitted); *see also Brandon E. v. Dep't of Educ.*, 621 F. Supp. 2d 1013, 1016 (D. Haw. 2008) (similar).

NCISD dismisses these arguments and the numerous cases rejecting its position, contending that they all ignore the "plain text" of the statute—but NCISD's reading is strained, not plain. NCISD's secondary arguments are equally unavailing. It submits that the IDEA, as Spending Clause legislation, must contain an express statute of limitations for all actions that can be brought under it to avoid impermissibly expanding states' waivers of sovereign immunity and violating the Supremacy Clause. But NCISD cites no case that says so, and that could only be right if we and other courts have repeatedly

overlooked the same constitutional defects in hearing lawsuits against governmental entities under Spending Clause legislation without explicit limitations periods.[7]  Finally, despite NCISD's vague assertions, the Supreme Court's warnings that attorneys' fees requests "should not result in a second major litigation"—articulated in cases involving what type of success makes a party eligible for fees, and how they should be calculated[8]—give us no reason to adopt an unpersuasive reading of this limitations period's scope.

Joining the consensus of courts that have found that § 1415(i)(2)(B) does not apply to attorneys' fees actions, we hold that the district court erred when it applied that provision to dismiss D.G.'s action.

## C.  Timeliness of D.G.'s Action

If § 1415(i)(2)(B) does not apply, what limitations period does?  If the cause of action for attorneys' fees was created after December 1, 1990, the answer would be four years.  *See* 28 U.S.C. § 1658(a) (creating default limitations period for new federal causes of action); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 380–82 (2004) (explaining the scope of § 1658(a)).  But as noted above, "[t]he cause of action for attorney's fees [under the IDEA] was first created in 1986."  *City of Northampton*, 60 F. Supp. 3d at 269.  For older causes of action with no express limitations period, "[i]t is the usual rule that .

---

[7] *See, e.g.*, *Scokin v. Texas*, 723 F.2d 432, 436–38 (5th Cir. 1984) (borrowing two-year state limitations period in action under the IDEA's predecessor); *Adler v. Educ. Dep't*, 760 F.2d 454, 456–60 (2d Cir. 1985) (similar); *see also Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982–84 (5th Cir. 1992) (adopting Texas statute of limitations for personal injury claims under the Rehabilitation Act); *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169, 1171–74 (10th Cir. 2015) (noting that the Rehabilitation Act's sovereign immunity waiver provision was enacted pursuant to the Spending Clause and borrowing two-year, personal injury state limitations period for claims under that statute).

[8] *See Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Services*, 532 U.S. 598, 609–10 (2001) (rejecting the "catalyst theory" for awarding attorneys' fees under civil rights statutes, and holding that "prevailing party" status requires some judicial imprimatur); *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983) (outlining standards for determining reasonable attorneys' fees).

. . a court 'borrows' or 'absorbs' the local time limitation most analogous to the case at hand." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355 (1991). "State limitations periods," however, "will not be borrowed if their application would be inconsistent with the underlying policies of the federal statute." *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S 355, 367 (1977). Federal law may be borrowed instead "only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking.'" *Reed v. United Transp. Union*, 488 U.S. 319, 324 (1989) (quoting *DelCostello v. Teamsters*, 462 U.S. 151, 172 (1983)).

The district court determined that if § 1415(i)(2)(B) does not apply, the most analogous state provision is the thirty-day period for appealing an adverse agency decision under the Texas Administrative Procedures Act. *See* Tex. Gov. Code Ann. § 2001.176(a) (West 2015). D.G. asserts that we should borrow Texas's two-year general tort statute of limitations, or one of several other state-law limitations periods for independent causes of action. This disagreement echoes the split among courts that have decided which statute of limitations to borrow for IDEA fees actions.[9] The Sixth and Seventh Circuits

---

[9] NCISD argues for the first time on appeal that, if the court must borrow a statute of limitations, it could look to Federal Rule of Civil Procedure 54, which provides that a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment" unless a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(2)(B)(i). Of the dozens of cases that have borrowed a limitations period for IDEA fees actions, none of which we are aware has turned to Rule 54, and we do not either. "[R]esort to state law remains the norm for borrowing of limitations periods," and adopting a federal period is a "narrow exception" reserved for "unusual" cases in which the federal rule is clearly more analogous *and* more consistent with statutory policies. *Reed*, 488 U.S. at 324 (quoting *DelCostello*, 462 U.S. at 171). This is not one of those rare cases: as courts have recognized, Rule 54(d)(2) is inapposite because it presupposes a final judgment in federal court and a fees request brought by motion in the same court, whereas § 1415(i)(3)(B) contemplates the filing of a new civil action in a new forum. *See Brandon E.*, 621 F. Supp. 2d at 1018 (citing additional cases); *see also McCartney C. ex rel. Sara S. v. Herrin Cmty. Unit Sch. Dist. No. 4*, 21 F.3d 173, 175 (7th Cir.

have applied relatively short administrative appeal periods, reasoning that IDEA fees actions are ancillary to the underlying administrative proceedings.[10] The Ninth and Eleventh Circuits have applied multi-year statutes of limitations for actions based on a statutory liability, finding short limitations periods inconsistent with the Act's policy goals and stressing that unlike an appeal from an agency decision, an IDEA fees action seeks relief that the agency below had no authority to award.[11]

We need not deepen this circuit split today. Because even assuming *arguendo* that the thirty-day administrative appeal period applies, we agree with the only circuit to have considered the issue that the time limit for a party that prevails at an administrative IDEA hearing to seek attorneys' fees does not begin to run until the aggrieved party's time for challenging the hearing officer's decision expires. *See McCartney C. ex rel. Sara S. v. Herrin Cmty. Unit Sch. Dist. No. 4*, 21 F.3d 173, 175–76 (7th Cir. 1994); *see also Dell v. Bd. of Educ.*, 32 F.3d 1053, 1063 (7th Cir. 1994). The parties agree that D.G. filed his action 120 days after the hearing officer's decision. So if a thirty-day limitations period for the filing of D.G.'s fees action started upon the expiration of NCISD's time for challenging that decision—ninety days pursuant to § 1415(i)(2)(B)—this suit would be timely.

The Seventh Circuit's rule is sound. If a limitations period shorter than ninety days (such as Texas's thirty-day administrative appeals period) ran from the date of the hearing officer's decision, the prevailing party would have

---

1994) ("But we are dealing . . . not with a motion for fees, but with an independent lawsuit seeking fees."). Further, NCISD identifies no IDEA-specific policy that would make a fourteen-day limitations period "significantly more appropriate" than any state-law candidate.

[10] *See King*, 228 F.3d at 623–27; *Powers*, 61 F.3d at 555–58; *Dell v. Bd. of Educ.*, 32 F.3d 1053, 1063–64 (7th Cir. 1994).

[11] *Meridian Joint Sch. Dist.*, 792 F.3d at 1063–64 & n.9; *Zipperer v. Sch. Bd.*, 111 F.3d 847, 851–52 (11th Cir. 1997).

to file a new lawsuit seeking fees before the aggrieved party has to decide whether to challenge the decision in court. And that could burden "courts and litigants . . . with a blizzard of protective suits filed before the plaintiff knows whether he has even the ghost of a chance of obtaining relief." *McCartney C.*, 21 F.3d at 176. The Ninth Circuit has echoed this concern. *See Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1063–64 (9th Cir. 2015) (criticizing "the anomalous result that the party that prevailed before the hearing officer would have to decide whether to file an action seeking attorneys' fees before the party that lost before the hearing officer decided whether to seek judicial review"). And in a different IDEA context, we too have criticized rules that would force parties to "file 'protective complaints.'" *Ruben A. v. El Paso Indep. Sch. Dist.*, 414 F. App'x 704, 707 (5th Cir. 2011) (citation omitted).

In addition to encouraging the filing of protective complaints in an already-overburdened court system, running a short limitations period from the time of the hearing officer's decision would leave little time for parents and school districts to agree on attorneys' fees and costs without resorting to litigation. That would contravene Congress's intent that IDEA fees and costs will "[u]sually . . . be agreed to by the public agency," and that parents will only sue for fees when "no agreement is possible." *Duane M. v. Orleans Parish Sch. Bd.*, 861 F.2d 115, 119 (5th Cir. 1988) (quoting H.R. Rep. No. 99-296, at 5 (1985)). Although adopting a multi-year limitations period as D.G. urges would also alleviate these problems, we believe it more prudent to resolve this case without unnecessarily deepening disagreement among the circuits. *See Staff IT, Inc. v. United States*, 482 F.3d 792, 800 (5th Cir. 2007) ("We acknowledge the existence of the circuit split on this issue, but need not—and therefore do not—resolve this issue today.").

The only arguments NCISD offers against the Seventh Circuit's rule are its already-rejected contention that § 1415(i)(2)(B) applies to this action,

authorities discussing entirely different limitations periods, and an inapposite discussion of "equitable tolling." And the only other case the parties have identified that considers this issue adopts the Seventh Circuit's rule. *See Gray v. Metts*, 203 F. Supp. 2d 426, 430 (D. Md. 2002) ("[T]he statute of limitations for filing a suit for attorneys' fees as the prevailing party in an IDEA administrative hearing does not run until the time for appeal has passed."). For the above reasons, we hold that the time limit for D.G. to seek attorneys' fees in this case was at least thirty days, and did not begin to run until ninety days after the hearing officer's decision, when NCISD's time for seeking review of that decision expired.

### IV. Conclusion

The district court erred in applying § 1415(i)(2)(B)'s limitations period to this action for attorneys' fees under the IDEA by a party that prevailed at the administrative level. Because the statute contains no limitations period for such actions, the district court should have borrowed one from state law. We need not—and therefore do not—determine which period applies, an issue on which courts have splintered and congressional action would be welcome. But we do hold that the limitations period for such an action does not begin to run until the time for seeking judicial review of the underlying administrative decision passes, and that D.G.'s action was timely under any limitations period that could be borrowed. Accordingly, we REVERSE the district court's grant of summary judgment and REMAND for the district court to adjudicate the merits of D.G.'s action for attorneys' fees.

17