**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1317
_____

COUNCIL ROCK SCHOOL DISTRICT

v.

THOMAS BOLICK, II; THOMAS BOLICK, III,

Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-05604)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2012

Before:  CHAGARES, VANASKIE and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 7, 2012)
_____

OPINION
_____

PER CURIAM

Pro se appellants Thomas Bolick II and Thomas Bolick III appeal the District

Court's orders dismissing their counterclaims and granting Council Rock School

1

District's motion for judgment on the administrative record. For the reasons discussed below, we will affirm the District Court's judgment.

This case arises primarily under the Individuals with Disabilities in Education Act (IDEA). In January 2006, when Bolick III was in 10th grade, his father, Bolick II, asked the School District to consider Bolick III for special-education services. According to Bolick II, Bolick III's sister was an "A" student, while Bolick III received average grades.

In response to Bolick II's request, Tammy Cook, a school psychologist, conducted a comprehensive psycho-educational evaluation of Bolick III. Cook determined that Bolick III was not entitled to special-education services.

Bolick II was not satisfied with Cook's assessment. Accordingly, in January 2007, Bolick II retained Kristen Herzel, Ph.D., to perform an independent educational evaluation (IEE). Dr. Herzel reported that while Bolick III had above-average abilities in written expression, reading rate, and reading fluency, his reading comprehension was poor. She therefore concluded that Bolick III's "parents may wish to pursue the possibility of having him classified as a student with a specific learning disability in . . . reading comprehension."

Thomas Barnes, Ph.D., a School District psychologist, reviewed Dr. Herzel's report and concluded that it was insufficiently thorough and did not establish that Bolick III had a disability. Thus, the School District continued to maintain that Bolick III was

2

not entitled to special-education services.

Bolick II then instituted an administrative action with a Special Education Hearing Officer. The Hearing Officer ultimately agreed with the School District that Bolick III did not possess a learning disability. However, the Hearing Officer concluded that the School District's initial examination of Bolick III had been inadequate, and thus ordered the School District to reimburse Bolick II for the IEE.

The parties subsequently initiated separate appeals: the School District challenged the Hearing Officer's order as to the IEE in the District Court, while the Bolicks challenged the Hearing Officer's eligibility determination in the Pennsylvania Commonwealth Court. See generally 20 U.S.C. § 1415(i)(2)(A) (providing for concurrent jurisdiction). The Bolicks filed counterclaims in the federal action, raising the same claims that they had raised in Commonwealth Court. The District Court dismissed the counterclaims pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), concluding that because these claims were also pending in state court, abstention was warranted. Soon thereafter, the Commonwealth Court affirmed the Hearing Officer's denial of the Bolicks' claims. The Bolicks then argued that the District Court should afford res judicata effect to the Commonwealth Court's decision and dismiss the School District's complaint; the District Court rejected this argument. Meanwhile, the District Court reversed the Hearing Officer, concluded that the School District's initial examination had been adequate, and ruled that the Bolicks

3

were not entitled to be reimbursed for their IEE. The Bolicks then filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the Bolicks' counterclaims, Black Horse Lane Assocs., L.P. v. Dow Chem. Corp., 228 F.3d 275, 283 n.7 (3d Cir. 2000), and the Court's refusal to dismiss the School District's complaint on the basis of res judicata, Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 248 (3d Cir. 2006). As to the District Court's conclusion that the Bolicks were not entitled to reimbursement for their IEE, we exercise plenary review over the District Court's conclusions of law and review its findings of fact for clear error. Warren G. v. Cumberland Cnty. Sch. Dist., 190 F.3d 80, 83 (3d Cir. 1999).

The Bolicks' first argument is that the District Court erred in rejecting their contention that the School District's claims were precluded by res judicata. More specifically, the Bolicks contend that because the School District could have presented its claims as counterclaims in the action in the Commonwealth Court, its failure to do so has caused it to forfeit those claims. See generally Jonathan H. v. Souderton Area Sch. Dist., 562 F.3d 527, 530 (3d Cir. 2009).

We are not persuaded by this argument. Federal courts must give state-court judgments the same preclusive effect they would have in state court. Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 519 (1986). Section 22 of the Restatement (Second) of

4

Judgments, which Pennsylvania courts have applied, see Del Turco v. Peoples Home Sav. Ass'n, 478 A.2d 456, 463 (Pa. Super. Ct. 1984), provides that when a defendant may present a claim as a counterclaim but fails to do so, the defendant is precluded from maintaining an action based on that claim if (1) "[t]he counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court"; or (2) "[t]he relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action." Neither requirement is satisfied here. First, under Pennsylvania law, counterclaims are permissive, not compulsory, see Pa. R. Civ. P. 1148, and in any event, the Commonwealth Court treats challenges to decisions of Hearing Officers as governed by the Pennsylvania Rules of Appellate Procedure, which provide no mechanism for asserting counterclaims, see Big Beaver Falls Area Sch. Dist. v. Jackson, 615 A.2d 910, 915 (Pa. Commw. Ct. 1992). Second, the School District's claim and the Bolicks' claims are entirely independent, and a judgment in the School District's favor in this action will not undermine the Commonwealth Court's judgment. Accordingly, we conclude that the School District's claims are not barred by res judicata.[1]

The Bolicks next argue that the District Court erred in dismissing their counterclaims pursuant to the Colorado River doctrine. We recognize, as the Bolicks

---

[1] The Bolicks occasionally frame this argument as one of mootness, but we are convinced that, in essence, they are relying on principles of res judicata.

emphasize, that federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," and that "[a]bstention, therefore, is the exception rather than the rule." Raritan Baykeeper v. NL Indus., 660 F.3d 686, 691 (3d Cir. 2011) (internal quotation marks, alteration omitted). Nevertheless, even if the Bolicks are correct that the District Court should not have abstained here, they are entitled to no relief. The Commonwealth Court has rendered a final judgment in which it rejected these very claims; as a consequence, even if the District Court should not have abstained, the claims are now barred by res judicata. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 11-12 (1983) (holding that abstention order would be "effectively unreviewable" if not appealed immediately because "[o]nce the state court decided the issue . . ., the federal court would be bound to honor that determination as res judicata"). Accordingly, for the Bolicks to have obtained review of the District Court's order, it was incumbent upon them to file an immediate appeal. See Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999).

Finally, the Bolicks claim that the District Court erred in reversing the Hearing Officer's decision that they were entitled to be reimbursed for their IEE. However, their argument rests on a misunderstanding of the law. While they contend that "[a] parent has the right to an independent educational evaluation at public expense if the parent disagrees with an evaluation obtained by the public agency," this statement captures just part of the law — in cases like this one, where there was an administrative hearing, the

6

School District need not reimburse the parent if it can show that its examination was "appropriate." See Warren G., 190 F.3d at 87; 34 C.F.R. § 300.502(b)(2). The District Court concluded that the School District's initial examination was, in fact, appropriate, and the Bolicks have failed to raise an argument challenging that ruling. Therefore, the Bolicks are entitled to no relief on this claim. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).[2]

Accordingly, we will affirm the District Court's judgment.

---

[2] To the extent that the Bolicks appeal the District Court's denial of their motion for reconsideration, we will affirm the District Court. The Bolicks' motion for reconsideration merely reasserts arguments that the District Court properly rejected, and therefore plainly lacks merit. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).