# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Bolick and Thomas Bolick, III　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　　　:　No. 1425 C.D. 2015
　　　　　　　　　　　　　　　　　　　　:　Submitted: February 26, 2016
Council Rock School District, Council　:
Rock School Board, Mark J. Klein,　　　:
Joseph DeMaio and Derek Wright　　　　:
　　　　　　　　　　　　　　　　　　　　:
Appeal of: Thomas Bolick　　　　　　　:


BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER　　　　　　FILED: July 8, 2016


Thomas Bolick (Father), representing himself, appeals from two Orders of the Court of Common Pleas of Bucks County (trial court) dated April 13, 2015. In the first Order, the trial court dismissed with prejudice Father's claims against Council Rock School District (School District)[1] under Section 504 of the federal

---

[1] While the caption to this case lists School District, Council Rock School Board, Mark J. Klein, Joseph DeMaio and Derek Wright as Appellees, the claims at issue in this appeal were filed against School District only. Claims against the other Appellees were dismissed by the trial court on March 24, 2015. (R.R. at 219a-21a.)

Rehabilitation Act of 1973 (Rehabilitation Act)[2] and the federal Individuals with Disabilities Education Act (IDEA)[3] as a result of Father's request to discontinue his claims. In the second Order, the trial court dismissed claims filed by Thomas Bolick, III (Son) against School District under the federal Rehabilitation Act, IDEA, and common law negligence for failure to prosecute on the grounds that Son failed to appear at the trial. On appeal, Father argues that (1) the judge that entered the Orders lacked jurisdiction to rule on the case because the case was previously assigned to a different judge; (2) the trial court erred, abused its discretion, and violated Father's due process rights by overruling previous orders entered by coordinate judges; (3) the trial court erred in dismissing Father's claims based on Father's alleged voluntary withdrawal because Father never motioned to withdraw his claims; and (4) the trial court erred by denying Father's request for a default judgment and other sanctions. For the reasons set forth below, we affirm.

## I.    BACKGROUND

This case has a long and complicated history. In 2006, Father was concerned that Son's academic performance was declining and requested a hearing with School District pursuant to Section 504 of the Rehabilitation Act to discuss

---

[2] 29 U.S.C. § 794.  Section 504 provides, in relevant part:

No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

Id.

[3] 20 U.S.C. §§ 1400 – 1490.

Son's academic performance and request compensatory education services for Son. (Compl. ¶¶ 11-13.) School District conducted an initial evaluation of Son and concluded that Son did not suffer from learning disabilities requiring compensatory education services. (Compl. ¶¶ 30-34.) Father then submitted an independent evaluation to School District that found Son suffered from a learning disability and was eligible for services. (Compl. ¶ 36.) The School District revisited the issue in light of the independent evaluation submitted by Father and determined that there was no need for compensatory education services and declined Father's request for services. (Compl. ¶ 39.)

Father filed a Complaint with the Department of Education's Office of Dispute Resolution (Department) in 2009 "seeking an impartial due process hearing on whether [School] District properly evaluated [Son] and, if not, whether [School] District provided [Son] a free appropriate public education (FAPE)." Bolick v. Council Rock Sch. Dist., (Pa. Cmwlth. No. 2189 C.D. 2009, filed July 23, 2010) slip op. at 4-5.[4] While the Department's Special Education Hearing Officer (Hearing Officer) found that School District's initial evaluation was deficient and ordered School District to reimburse Father for the costs of the independent evaluation, the Hearing Officer ultimately concluded that Son did not have a learning disability and was not deprived of a FAPE. Id., slip op. at 5. Father appealed the portion of the Hearing Officer's order concluding that Son did not have a learning disability to this Court, which affirmed the Hearing Officer's order. Id., slip op. at 10.

---

[4] This Court's July 23, 2010 decision in Bolick can be found on pages 313a-23a of the Reproduced Record.

At the same time Father was proceeding on appeal in this Court, School District appealed the portion of the Hearing Officer's order requiring School District to reimburse Father for the independent evaluation to the United States District Court of the Eastern District of Pennsylvania (District Court). The District Court concluded that School District's initial evaluation was adequate under the IDEA, and held that Father was not entitled to reimbursement for the independent evaluation. Council Rock Sch. Dist. v. Bolick, 462 F. App'x 212, 214 (3d Cir. 2012).[5] Father appealed to the United States Court of Appeals for the Third Circuit, which affirmed. Id. at 215.

Concurrent with the above litigation, Father and Son initiated the instant matter with a praecipe for writ of summons in the trial court on June 5, 2009. (R.R. at 2a.) Father and Son filed an Amended Complaint (Complaint) on January 6, 2010, naming School District, the Council Rock School Board, Mark Klein, Joseph DeMaio, and Derek Wright as defendants. (R.R. at 3a, 13a.) In the Complaint, Father and Son asserted claims under various federal laws including the IDEA; the Americans with Disabilities Act (ADA);[6] Section 504 of the Rehabilitation Act; the Family Educational Rights and Privacy Act;[7] Sections 1983 and 1985 of the Civil Rights Act of 1871;[8] and the First and Fourteenth Amendments to the United States Constitution.[9] (Compl. Counts II, III, IV, V, VI, X, XII.) The Complaint also alleged claims under the Pennsylvania Unfair Trade

---

[5] The Third Circuit's opinion in Council Rock School District is found on pages 324a-31a of the Reproduced Record.

[6] 42 U.S.C. §§ 12101 – 12213.

[7] 20 U.S.C. § 1232g.

[8] 42 U.S.C. §§ 1983, 1985.

[9] U.S. Const. amends. I, XIV.

Practices and Consumer Protection Law[10] and several common law claims, including negligence, intentional and negligent infliction of emotional distress, fraud, and civil conspiracy. (Compl. Counts I, VII, VIII, IV, XI.) The allegations focus on the services provided to Son while he attended school in School District between 2004 and 2008, an injury Son suffered on or about February 23, 2004, while playing basketball in a gymnasium owned by School District, and the allegedly unethical and discriminatory conduct of the high school basketball coach. (Compl. ¶¶ 9-103, 106-109, 144-59.) Father and Son sought compensatory damages of $250,000.00, punitive damages, and costs. (Compl. Wherefore Clause.)

On March 24 2015, the trial court granted summary judgment to School District on all claims save: (1) Son's negligence claim against School District; and (2) Father and Son's claims under Section 504 of the Rehabilitation Act and the IDEA against School District. (R.R. at 221a.) The matter proceeded to trial on these two remaining issues. (Trial court's Op. (Op.) at 4.) The Honorable James M. McMaster was assigned to preside over trial. (Id. at 9-10.)

## II. PROCEEDING BEFORE THE TRIAL COURT

Trial was scheduled for April 13, 2015. Prior to the commencement of the trial, the trial court addressed several preliminary issues. First, the trial court observed that Son was not present. (S.R.R. at 644b.) The trial court noted for the record that Son was given notice of the hearing as the judge sent Son an email the previous Friday reminding him of the trial, to which Son responded "thank you for the notice." (Id. at 678b.) The trial court also noted that he and his secretary made

---

[10] Act of December 17, 1968, P.L. 1224, as amended, 73 P.S. §§ 201-1 – 201-9.3.

a number of attempts to directly reach Son the day of the trial to discover why he was not present. (Id. at 691b.) Father believed that Son's presence was not required and that he could speak on behalf of himself and Son because the claims were intertwined. (Id. at 646b.) The trial court, recognizing that Son was over the age of 18 when the suit was originally filed in 2009, disagreed and granted an oral motion by the School District to dismiss all claims asserted by Son for failure to prosecute. (Id. at 665b, 682b, 692b; Order, April 13, 2015.)

The trial court next addressed pre-trial motions filed by Father. Father first moved for a continuance so that he could obtain counsel. (R.R. at 238a-39a.) The trial court denied the motion for a continuance on the grounds that Father had adequate time to retain counsel prior to trial. (Op. at 5, n. 2; S.R.R. at 663b.) Father next presented argument on an April 6, 2015 motion entitled "Motion for Judgment and Hearing on Damages" (Sanctions Motion). (R.R. at 242a-44a.)[11] Therein, Father moved that the trial court sanction School District for violation of the trial court's pretrial November 20, 2014 Discovery Order[12] and for other unethical litigation tactics. (Id.) The Sanctions Motion requested a default judgment based on School District's behavior and a hearing on damages. (Id.)

---

[11] It appears from the record that School District may not have received notice of the Sanctions Motion prior to trial. (S.R.R. 656b-58b, 685b.)

[12] The Discovery Order provides as follows:

AND NOW on this 20th day of Nov[ember] 2014, upon careful consideration of the Motion of Plaintiffs' [Father and Son], IT IS HEREBY ORDERED that: [School District] file a Motion for Hearing within ten (10) days of service hereof or provide a complete response to Plaintiffs' Request for Production within twenty (20) days of this Order or be subject to such sanctions as the Court might impose.

(R.R. 218a.)

6

After hearing from both parties and assessing what documents were provided to Father in the previous administrative proceeding, the trial court denied the Sanctions Motion on the grounds that the documents requested by Father were either provided to Father in the administrative proceeding or did not exist. (Op. at 12; S.R.R. 684b.)

After disposing of Father's motions, the trial court addressed a motion filed by School District pursuant to Pennsylvania Rule of Civil Procedure No. 233.1 (Rule 233.1 Motion).[13]  (S.R.R. at 694b.)  School District argued that the case should be dismissed because Father may not recover damages for violations of the IDEA or Section 504 of the Rehabilitation Act independent of Son, and in the alternative, that all the issues were addressed in the previous administrative

---

[13] Pa. R.C.P. No. 233.1. Rule 233.1 provides:

(a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>    (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
>    (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
(b) The court may stay the action while the motion is pending.
(c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.
(d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c).
(e) The provisions of this rule do not apply to actions under the rules of civil procedure governing family law actions.

Id.

7

proceeding, and subsequent appeals to this Court and the federal courts. (Id. at 694b-95b.)

In response to School District's Rule 233.1 Motion, Father argued that his claims were not frivolous because he was awarded costs by the Department's Hearing Officer for the independent evaluation of Son and that School District never paid. The hearing transcript details the relevant remaining portions of the proceeding as follows.

> THE COURT: [Father], why don't you explain to me what is different about these remaining claims from what you pursued with the administrative proceedings that then went to the Commonwealth Court and the Federal District Court?
>
> [FATHER]: First of all, Your Honor, the administrative proceedings awarded me costs. Those costs were upheld by the Commonwealth Court as state court judgment. It was never appealed.
>
> And the Third Circuit, if you look on page 5 --
>
> THE COURT: Sir, sir, if you have a judgment against them that was upheld by the Commonwealth Court, you can execute on it. You don't need to file.
>
> [FATHER]: That's what I'm here for, they refuse to pay, Your Honor.
>
> THE COURT: What I'm saying is, you execute on that judgment, you don't try to get another judgment.
>
> . . .
>
> [COUNSEL FOR SCHOOL DISTRICT]: Your Honor, if I may.
>
> THE COURT: Sure.
>
> [COUNSEL FOR SCHOOL DISTRICT]: That issue of the cost of the independent educational evaluation was awarded to parents in the

8

first due process hearing. That was appealed by [School] District to [the] District Court. [The District Court] wrote an opinion on that. [The District Court] reversed the hearing officer and did not find in [Father and Son's] favor. [Father and Son] appealed that decision to the Third Circuit and they affirmed [the District Court's] opinion. . . .

[The trial court reviewed the opinions of this Court, the District Court, and the Third Circuit from the bench and was interrupted by Father.]

. . .

THE COURT: Sir, to me [the issue of costs for the independent evaluation] has been decided.

[FATHER]: Because --

THE COURT: Sir, if you interrupt me again, I'm going to have a sheriff come in here, I'm going to hold you in contempt and I'm going to imprison you. Okay, sir?

[FATHER]: Then I'm just going to withdraw the case, Your Honor.

THE COURT: Okay. You want to withdraw the case, sir?

[FATHER]: Yes, sir.

THE COURT: Okay. This case is marked withdrawn by the plaintiff.

(Id. at 696b-705b.) As detailed in the transcript, the trial court did not rule on School District's Rule 233.1 Motion, and instead entered an order dismissing the Complaint with prejudice based on Father's discontinuance.

Father filed his Notice of Appeal on May 11, 2015. (Id. at 606b.) On the same day, Father filed a Motion to Vacate the April 13 Orders, alleging, *inter alia*, that the trial court judge lacked jurisdiction to hear his case. (Id. at 609b-14b.) The trial court denied the Motion to Vacate on May 15, 2015, on the basis that it

9

lacked the authority to rule on the Motion to Vacate as a Notice of Appeal was already filed. (Id. at 619b.) This appeal followed.[14, 15]

---

[14] "This Court's scope of review is to determine whether the trial court abused its discretion or committed an error of law or whether the findings of fact are supported by competent evidence." Appeal of Nordhoy, 547 A.2d 867, 868 (Pa. Cmwlth. 1988). To the extent Father's appeal raises jurisdictional questions or other questions of law, our scope of review is plenary. Sakach v. City of Pittsburgh, 687 A.2d 34, 36 (Pa. Cmwlth. 1996).

[15] This case was transferred to this Court by the Superior Court on June 29, 2015. Since then, this Court addressed a series of applications from both School District and Father. On November 18, 2015, the Court granted School District's Application to Amend the caption of the case and clarified that Son was not an appellant in the proceeding, as follows:

> It appearing that [Son] did not appeal from the trial court's order of April 13, 2015, this order confirms that [Son] is not an appellant in these proceedings. To the extent that a non-lawyer, [Father], may be attempting to represent [Son] and/or his interests in this proceeding, such arguments will not be considered by the Court. See McCain v. Curione, 527 A.2d 591 (Pa. Cmwlth. 1987).

(Order, November 18, 2015).

The Court also addressed School District's Application to Quash. Therein, School District alleged that Father withdrew his case during trial, which constitutes a voluntary nonsuit pursuant to Rule 230 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 230. According to School District, the only means to remove a voluntary nonsuit is through a post-trial motion filed within 10 days of notice of the nonsuit. (Application to Quash ¶ 8 (citing Rule 227.1 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 227.1.)) School District argued that absent timely pre-trial motions seeking removal of the nonsuit, Father may initiate a second action, but cannot appeal the April 13 Orders. (Application to Quash ¶¶ 14-15.) By Per Curiam Memorandum and Order, this Court denied the Application to Quash, construing Father's withdrawal as a discontinuance, striking of which does not require post-trial motions, instead of a voluntary non-suit, which requires post-trial motions. According to the Court:

> Where, as here, an action is disposed of prior to trial, post-trial motions need not be filed. See Bostick v. Schall's Brakes and Repairs, Inc., 725 A.2d 1232 (Pa. Super.), petition for allowance of appeal denied, 743 A.2d 912 (Pa. 1999) (court did not deem it necessary to file post-trial motion to remove a nonsuit for failure to appear at trial when no trial had ever commenced).

(Memorandum and Order, December 21, 2015.)

### III.  FATHER'S APPEAL

#### A.  Jurisdiction

On appeal to this Court, Father first argues that the trial court judge lacked jurisdiction to rule on the case because the case was previously assigned to a different judge.  Father contends that, in a previous hearing on March 13, 2015, a different judge (Judge Fritsch) had stated that he was assigned to the case, and subsequently Judge Fritsch had ruled on School District's Motion for Summary Judgment and Motion for Reconsideration.  Father does not understand why Judge McMaster was later assigned to his case and argues that "it appears that [School District] and [its] attorneys used their political influence to obtain administrative orders from Judge McMaster because he was not the designated trial judge and no action in conformity with due process of law was taken to remove Judge Fritsch." (Father's Br. at 15-16.)

The trial court explained how the case became assigned to him in the Opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure as follows:

> Following the decision of Judge Fritsch regarding School District's Motion for Summary Judgment, this case was put on the trial list for the period from April 6, 2015 to April 17, 2015.  There were only two judges who were assigned to hear the cases on the civil trial list for this period: the undersigned and Judge Mellon.  Judge Mellon was unable to preside over this trial because he had a conflict of interest.  Judge Mellon previously served on the Council Rock School Board.  Therefore, the undersigned was the only judge available to hear this case and the case was so assigned.
>
> Father seems to believe that Judge Fritsch should have presided over this trial because Judge Fritsch had heard the oral arguments for the Motion for Summary Judgment.  However, the trial court does not employ that system.  Instead, the Court Administrator and President

11

Judge schedule one to two judges for each civil trial period to hear the cases scheduled for those two weeks. Here, the undersigned was one of the judges assigned, so he was able to preside over the trial.

(Op. at 9-10.)

The procedure described above is consistent with Rule 249 of the Pennsylvania Rules of Civil Procedure, which provides:

(a) Except where the court is required to act en banc, a judge may perform any function of the court, including the entry of interlocutory or ex parte orders and other matters in the nature thereof.
(b) A judge may perform a function of the court, other than trying an action, at any time and at any place within the judicial district.
(c) Each court may regulate the assignment of business among its judges.

Pa. R.C.P. No. 249. Pursuant to Rule 249, each court may regulate the assignment of judges and each judge may perform any function of the court. Id. There is no requirement that judges who enter preliminary orders or who hear oral argument on motions for summary judgment preside over a trial on the same case. Thus, we see no error in Father's trial being assigned to Judge McMaster.

## B. Overruling Previous Orders

Father next argues that the trial court erred, abused its discretion, and violated Father's due process rights by effectively overturning previous orders entered by different judges in the case. Father contends that by dismissing the case after a previous judge defined the issues for trial by denying summary judgment on the two claims, the trial court violated the coordinate jurisdiction rule and

12

effectively granted School District's previously denied Motion for Reconsideration.

Father's argument appears to rest on an incorrect understanding of the litigation process and the coordinate jurisdiction rule. The coordinate jurisdiction rule is part of a larger body of rules that "embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." Com. v. Starr, 664 A.2d 1326, 1331 (Pa. 1995). However, the rule does not apply to situations where the "motions [ruled upon] differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment. . ." Goldey v. Trustees of Univ. of Pennsylvania, 675 A.2d 264, 267 (Pa. 1996).

Here, the trial court did not rule on any motions that addressed the same question, nor did it rule on motions that were the same in kind, as the motions ruled upon by a previous judge. In fact, the trial court never ruled on any motions at issue in this appeal. The trial court dismissed all the claims raised by Son for failure to prosecute, but Son is not a party to this appeal. Further, the trial court denied Father's Motion for Continuance and Sanctions Motion, but neither motion is similar in kind to, nor addresses any of the questions at issue in previous orders entered in this case by other judges. Instead, as will be discussed further below, Father voluntarily discontinued his claims and the trial court accepted the discontinuance. Because the trial court did not overturn previous orders entered by judges of coordinate jurisdiction, we discern no error, abuse of discretion, or violation of Father's rights.

13

## C. Voluntary Withdrawal

Father next argues that the trial court erred in "grant[ing] . . . a motion to withdraw his case because [he] made no such motion." (Father's Br. at 18.) This issue should have been raised to the trial court in a petition to strike the discontinuance. See Rule 229(c) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 229(c) ("The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice"); Hopewell v. Hendrie, 562 A.2d 899, 900 (Pa. Super. 1989) (stating that while petition to vacate a discontinuance "has most frequently been applied in cases where the plaintiff has actually intended to discontinue a lawsuit but the defendant objects, it equally will operate to protect a plaintiff who demonstrates a need for relief from a discontinuance it has obtained" (citation omitted)).

Father filed a Motion to Vacate on May 11, 2015, arguing that Judge McMaster lacked jurisdiction to hear the case. (S.R.R. at 609b-14b.) Father did not argue therein that the withdrawal was not voluntary or that it was entered by mistake. Because Father never properly raised to the trial court this issue regarding the withdrawal, and thus, the trial court could not address it, this issue is not properly before us. Kuziak v. Borough of Danville, 125 A.3d 470, 478-79 (Pa. Cmwlth. 2015) (citing Rule 302(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal")).

Even if this issue was preserved for our review, we would affirm the trial court. While Father is correct that he never formally moved to withdraw his case through filing a written motion, Father voluntarily withdrew his case. According

14

to the transcript of the April 13, 2015 trial, the trial court was exceedingly patient with Father, let Father produce documents that appeared to not have been served upon School District, and warned Father numerous times that he should not interrupt the court. (S.R.R. at 703b-05b.) Following a stern warning from the trial court to not interrupt the proceeding, Father said: "Then I'm just going to withdraw the case, Your Honor." (Id. at 705b.) The trial court confirmed that Father wanted to withdraw the case and marked the case withdrawn by plaintiff. (Id.)

Pursuant to Rule 229(a) of the Pennsylvania Rules of Civil Procedure, "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa. R.C.P. No. 229(a). Requests for discontinuances may be written *or oral*. Hileman v. Morelli, 605 A.2d 377, 381 (Pa. Super. 1992) (concluding that "the fact that plaintiffs did not file a written petition for discontinuance does not bar the court from granting plaintiffs' oral motion for discontinuance"). While a court must technically give leave for a plaintiff to discontinue a case, "it is the universal practice in Pennsylvania to assume such leave in the first instance." Fancsali ex rel. Fancsali v. Univ. Health Ctr. of Pittsburgh, 761 A.2d 1159, 1161 (Pa. 2000) (quoting Consol. Nat. Bank v. McManus, 66 A. 250, 250 (Pa. 1907)). Here, Father orally discontinued his case prior to the commencement of trial, and we see no error in the trial court dismissing the action pursuant to Father's request.

### D. Sanctions

Finally, Father argues that counsel for School District "should be sanctioned for their gross litigation misbehavior," including "employing a[n] intentional

strategy to coerce [Father and Son] into withdrawing their case by raising threats of a bogus lawsuit for fees," withholding documents in order to cover-up violations of the law, and misrepresenting the record. (Father's Br. at 3, 22-27.)

School District argues that Father's request for sanctions is waived as Father never moved for sanctions in the trial court. The trial court stated in its Rule 1925(a) Opinion that:

> First and foremost, there was no motion for sanctions brought against School District or its attorneys alleging any of these things, so this issue was not properly before us nor is it properly before the Superior Court. Further, we have seen no proof of any of these allegations. Therefore, Father must fail on this complaint.

(Op. at 12-13.)

Upon review, we disagree that Father did not move for sanctions and that the issue is waived. Father specifically moved for sanctions in his Sanctions Motion where he alleged that School District ignored court orders, intentionally withheld critical documents, misrepresented facts to the trial court, and coerced plaintiffs into withdrawing the case. (R.R. at 242a-44a.) The Sanctions Motion asked the trial court to enter a default judgment against School District as a sanction for its behavior and to schedule a hearing on damages. Id. In fact, the trial court stated at trial that the Motion presented by Father is "the equivalent of a motion for sanctions," (S.R.R. at 685b), and subsequently denied the Motion for Sanctions based on a determination that all the documents requested by Father were either

16

provided to Father in the previous administrative proceeding or that the documents requested did not exist.[16]

While we conclude that Father did not waive this issue based on a failure to raise it below, we cannot entertain an appeal of the trial court's decision to orally deny the Motion for Sanctions because, as determined above, Father voluntarily discontinued the case. "The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted." Motley Crew, LLC v. Bonner Chevrolet Co., 93 A.3d 474, 476 (Pa. Super. 2014). Because a discontinuance of a case constitutes a final resolution of all issues, the question of whether the trial court erred by denying the Sanctions Motion is moot.[17]

---

[16] The trial court's error in this regard is completely understandable. Father did not order a transcript prior to the trial court issuing its Rule 1925(b) Opinion. As the trial court explained:

> The lack of [a] transcript precludes any meaningful reflection upon the evidence and the facts that support our conclusions. Instead, we are forced to recall what happened from our personal notes and memory, which is simply insufficient.

(Op. at 9.)

[17] Even if the issue was not moot, we observe no abuse of discretion in the trial court's decision to deny the Sanctions Motion. Father's requests for sanctions focuses largely on an allegation that School District violated the trial court's Discovery Order of November 20, 2014. (R.R. at 242a.)

> Orders regarding discovery matters are subject to the discretion of the trial court. In general, the imposition of sanctions for a party's failure to comply with a trial court's discovery orders is **left to the discretion of the trial court as are the sanctions themselves.**

Hill v. Kilgallen, 108 A.3d 934, 941 (Pa. Cmwlth. 2015) (citations omitted) (emphasis added). At the hearing, Father argued that School District was withholding critical documents and lied about what documents were provided. (S.R.R. at 665b-71b.) However, Father presented no

*(Continued…)*

17

## IV.   CONCLUSION

Discerning no error of law or abuse of discretion, we affirm the trial court's Orders.

_____
**RENÉE COHN JUBELIRER,** Judge

---

evidence detailing the alleged unethical behavior or a discovery violation.  Accordingly, the trial court did not abuse its discretion by denying the Sanctions Motion.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Bolick and Thomas Bolick, III :
                              :
                  v.                 :     No. 1425 C.D. 2015
                              :
Council Rock School District, Council :
Rock School Board, Mark J. Klein,       :
Joseph DeMaio and Derek Wright     :
                              :
Appeal of: Thomas Bolick          :

## O R D E R

**NOW**, July 8, 2016, the April 13, 2015 Orders of the Court of Common Pleas of Bucks County entered in the above-captioned matter are hereby **AFFIRMED.**

 

 

                                           _____
                                           **RENÉE COHN JUBELIRER,** Judge