

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2009

# Jonathan H. v. Souderton Sch Dist

Precedential or Non-Precedential: Precedential

Docket No. 08-2196

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jonathan H. v. Souderton Sch Dist" (2009). *2009 Decisions.* Paper 1443.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1443

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-2196

———

JONATHAN H.,
A MINOR WITH A DISABILITY;
JOHN H.; SUSAN H.,
HIS PARENTS, ON THEIR OWN
BEHALF AND ON BEHALF OF JONATHAN H.,

Appellee,

v.

THE SOUDERTON AREA SCHOOL DISTRICT,

Appellant.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cv-03658)
District Judge:  Honorable Marvin Katz

———

Argued January 6, 2009

Before: CHAGARES, and HARDIMAN, *Circuit Judges* and
GARBIS,[*] *District Judge*

(Filed: April 14, 2009)


Frederick M. Stanczak [Argued]
179 North Broad Street
Doylestown, PA 18901-0000
 *Attorney for Appellee*

Karl A. Romberger, Jr. [Argued]
Mark W. Fitzgerald
Fox Rothschild
10 Sentry Parkway
Suite 200
P.O. Box 3001
Blue Bell, PA 19422
 *Attorneys for Appellant*

———

OPINION OF THE COURT

———


———

[*]The Honorable Marvin J. Garbis, District Judge for the
United States District Court for the District of Maryland, sitting
by designation.

HARDIMAN, *Circuit Judge*.

This appeal presents a question of first impression concerning the timing of a compulsory counterclaim under the Individuals with Disabilities Education Act, as amended by the Individuals with Disabilities Education Improvement Act of 2004 (collectively, IDEA). The District Court held that the Souderton School District's compulsory counterclaim was untimely because it was filed more than 90 days after the administrative process terminated. For the reasons that follow, we will reverse.

I.

Appellee Jonathan is a student with a learning disability who attended public schools in Souderton, Pennsylvania. Souderton School District was responsible for providing a free appropriate public education to Jonathan under the IDEA, 20 U.S.C. § 1401(9). Certain disagreements arose between Souderton and Jonathan and his parents (collectively, Jonathan H.), regarding the appropriateness of the education that Souderton provided to Jonathan. When the parties could not resolve their differences amicably, Jonathan H. requested a due process hearing pursuant to 20 U.S.C. § 1415(f).

Before the hearing officer, Jonathan H. sought both compensatory education for the allegedly inappropriate special education Jonathan received and tuition reimbursement for his unilateral private school placement. The hearing officer, in a final administrative decision, awarded Jonathan approximately 270 hours of compensatory education, but denied his other requests for relief, including tuition reimbursement. Each party

3

filed exceptions to the extent that the hearing officer's decision was adverse.  An appeals panel rendered a final administrative decision affirming the hearing officer's ruling in full.

On the 90th day after the appeals panel's decision — which is the last day permitted by statute for a party aggrieved by an administrative decision under the IDEA to bring a civil action under 20 U.S.C. § 1415(i)(2)(B) — Jonathan H. filed a complaint in the United States District Court for the Eastern District of Pennsylvania, seeking review of the denial of his tuition reimbursement claim.  Seventy days after the complaint was filed, Souderton filed a counterclaim challenging the award of compensatory education.  Following cross-motions for summary judgment, the District Court affirmed the administrative decision in all respects and denied Souderton's counterclaim as untimely because it was not brought within 90 days of the final administrative decision.

Souderton filed this timely appeal.  The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291.

II.

Our review of the District Court's grant of summary judgment is plenary.  *See S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 269 (3d Cir. 2003).

We begin by observing that an IDEA action filed in federal district court is properly characterized as an original "civil action," not an "appeal."  *See* 20 U.S.C. § 1415(i)(2)(A)

4

("Any party aggrieved by the findings and decision . . . shall have the right to bring a *civil action*.") (emphasis added); *see also S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1292 (9th Cir. 2006) (finding an IDEA action to be a new civil action); *Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380, 387 (4th Cir. 2000) (same). Because a case brought pursuant to the IDEA is an original civil action rather than an appeal, it is governed by the Federal Rules of Civil Procedure. *See Kirkpatrick*, 216 F.3d at 387-88.

Pursuant to the Federal Rules of Civil Procedure, civil actions are initiated by a complaint and the responsive pleading is an answer, counterclaim, or motion to dismiss. *See* FED. R. CIV. P. 3, 13(a), 12(a). In this case, Souderton filed an answer with a compulsory counterclaim. We must decide whether Souderton's compulsory counterclaim is an "action" under the IDEA, which would subject it to the 90 day statute of limitations.

The word "action," without more, is arguably broad enough to encompass any type of judicial proceeding, including counterclaims. *See United States v. P.F. Collier & Son Corp.*, 208 F.2d 936, 938 (7th Cir. 1954) ("If the question were one of first impression, we would have no difficulty in reaching the conclusion that the words 'any action, suit or proceeding' are sufficiently broad in their ordinary and commonly accepted meaning to encompass every form and kind of litigation."); *see also* BLACK'S LAW DICTIONARY 28-29 (7th ed. 1999) (defining an "action" as, inter alia, "[a] civil or criminal judicial proceeding"). *Cf.* U.C.C. § 1-201(1) ("'Action' in the sense of a judicial proceeding, includes recoupment, counterclaim,

5

set-off, suit in equity, and any other proceeding in which rights are determined.").

In determining whether an "action" encompasses counterclaims in the IDEA context, we turn first to the statutory language. "The meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991). Here, the IDEA states: "Any party aggrieved by the findings . . . shall have the right to *bring a civil action* with respect to the complaint presented pursuant to this section. . . . The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action." 20 U.S.C. § 1415(i)(2)(A) and (B) (emphasis added).

The phrase "bring an action" is defined as "to sue; institute legal proceedings." BLACK'S LAW DICTIONARY (8th ed. 2004). Therefore, an action is "brought" when a plaintiff files a complaint, which is the first step that invokes the judicial process. *See* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court."); *id.* Advisory Committee Note ("The first step in an action is the filing of the complaint."). Unlike the proactive nature of a complaint, a counterclaim is reactive because it is filed only after the plaintiff has initiated the case by bringing a civil action. Indeed, a counterclaim is a "claim for relief asserted against an opposing party after an original claim has been made." BLACK'S LAW DICTIONARY 353 (8th ed. 2004); *see also* 3 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 13.90(2)(a), at 13-79 (3d ed. 1997) ("Only defending parties may assert counterclaims."). Counterclaims are therefore "generally asserted in the answer"

6

to a previously filed complaint. MOORE, *supra*, § 13.92, at 13-88.

In light of the foregoing, a defendant does not "bring an action" by asserting a counterclaim; only a plaintiff may "bring an action" for purposes of the IDEA. The defendant then files a responsive pleading — in this case, the answer, *see* FED. R. CIV. P. 12(a) — in which it can include a claim for relief against the opposing party, *see* FED. R. CIV. P. 13(a). Section 1415(i)(2)(B) limits a party's right to "bring an action" to within 90 days after the final administrative decision. Thus, the plain language of the statutory text does not limit a party's right to pursue a counterclaim because the assertion of a counterclaim is not "bring[ing] an action." In this case, Souderton's compulsory counterclaim was timely pleaded under Rule 13(a) of the Federal Rules of Civil Procedure. Accordingly, we hold that the IDEA does not bar Souderton's counterclaim.

Although our holding is dictated by the language of the IDEA, we note that it also establishes the fairer rule. If counterclaims were prohibited in this context, parties would file "protective complaints" to preserve issues adjudicated against them, even when they otherwise would countenance the administrative judgment, for fear that their adversaries would file complaints just before the statute of limitations expired – as Jonathan H. did here. This would cause unnecessary litigation. Our ruling allows parties to fairly assess their claims when they receive a mixed result from an administrative agency, and to file a complaint only when necessary.

Having found that the plain language of the IDEA allows for a compulsory counterclaim to be filed beyond the 90-day window for bringing a civil action, we need not address Souderton's arguments regarding recoupment and equitable tolling. We will reverse the judgment of the District Court and remand the case for further proceedings consistent with this opinion.