# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 1, 2011

No. 09-50966

Lyle W. Cayce
Clerk

RUBEN A., as next friend of R.A.,

Plaintiff-Appellee

v.

EL PASO INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CV-00029

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Before the district court addressed the merits of the complaint filed by Plaintiff-Appellee Ruben A., it dismissed a counterclaim filed by Defendant-Appellant El Paso Independent School District (EPISD) as time-barred by the statute of limitations of the Individuals with Disabilities Education Act (IDEA). We reverse the district court's dismissal of EPISD's counterclaim and remand for further proceedings. As that court's disposition of this case on remand could affect other issues, we do not address any of them at this time.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50966

# I. FACTS & PROCEEDINGS

## A. Facts

Ruben A. filed a complaint with the Texas Education Agency, claiming that EPISD had denied his son, R.A., a free appropriate public education (FAPE) and had failed to classify R.A. properly as a special education student. Following an administrative due-process hearing, the Special Education Hearing Officer (SEHO) issued a final decision in October 2006, holding that EPISD had denied a FAPE to R.A. but had not failed to classify him properly.

## B. Proceedings

On January 23, 2007, Ruben A. filed a complaint in federal court, alleging that he was the prevailing party at the administrative hearing and therefore was entitled to reasonable attorneys fees and costs. On February 20, 2007, EPISD filed an answer to Ruben A.'s complaint, including a counterclaim, which alleged that the SEHO erred as a matter of law in determining that EPISD had denied a FAPE to R.A. EPISD also sought its own attorneys fees and costs on the ground that Ruben A.'s complaint was presented for an improper purpose, "such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."

After the district court ruled that the resolution of Ruben A.'s claim for attorneys fees should be held in abeyance until the court determined the merits of EPISD's counterclaim, both Ruben A. and EPISD filed motions for partial summary judgment on EPISD's counterclaim. Ruben A. asserted that EPISD's counterclaim was time-barred by the IDEA's statute of limitations because it was a permissive counterclaim under Federal Rule of Civil Procedure 13 and therefore did not relate back to the filing date of Ruben A.'s complaint. The district court granted Ruben A.'s motion for partial summary judgment and dismissed EPISD's counterclaim as time-barred.

2

No. 09-50966

The district court then addressed Ruben A.'s claim for attorneys fees and entered a final judgment in favor of Ruben A. EPISD timely filed a notice of appeal.

## II. ANALYSIS

### A. Standard of Review

An IDEA cause of action filed in federal district court is properly characterized as an original "civil action," not an "appeal," and is therefore governed by the Federal Rules of Civil Procedure.[1] We review an order from a district court granting partial summary judgment de novo.[2]

### B. EPISD's Counterclaim Is Not Time-Barred

The IDEA authorizes a party aggrieved by an administrative due process hearing to bring a civil action in federal court, but "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action . . . ."[3] Here, the SEHO's decision was issued on October 25, 2006; Ruben A. filed his complaint on January 23, 2007 (the ninetieth day following that decision); and EPISD filed its counterclaim on February 20, 2007 (twenty-eight days after Ruben A. filed his complaint). EPISD's counterclaim was indisputably filed more than ninety days after the date of the SEHO's final decision. The question, then, is whether the IDEA's statute of limitations bars EPISD's counterclaim.

As an initial matter, the district court determined that EPISD's counterclaim "would be considered compulsory, as it arises from the same

---

[1] *See* 20 U.S.C. § 1415(i)(2)(A) ("Any party aggrieved by the findings and decision made . . . shall have the right to bring *a civil action*.") (emphasis added). *See also Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380, 387 (4th Cir. 2000) ("[I]t is clear that an IDEA action filed in federal district court must be characterized as an original 'civil action' instead of an 'appeal.'").

[2] *See Burns v. Exxon Corp.*, 158 F.3d 336, 341 (5th Cir. 1998) (citation omitted).

[3] 20 U.S.C. § 1415(i)(2)(A), (B).

3

transactions or occurrences as [Ruben A.'s] claims." The court noted that "[b]oth parties' claims arise from the SEHO's decision," and both "rely on the same set of facts from the administrative record and on the applicable law, the IDEA." Under Fifth Circuit precedent, such findings render a counterclaim compulsory.[4] But the district court went on to distinguish between a compulsory counterclaim that "seeks affirmative relief" and one that "is a defensive claim for recoupment," relying primarily on analysis from an opinion of the District Court for Eastern District of Pennsylvania.[5] Because the district court characterized EPISD's counterclaim as one seeking affirmative relief, the court dismissed it as untimely, then proceeded to address the merits of Ruben A.'s claim for attorneys fees.

In the meantime, however, the Third Circuit reversed the opinion from the Eastern District of Pennsylvania that the district court had relied on here. Conducting a more thorough analysis, the Third Circuit focused specifically on the text of the IDEA provision, which only limits the time in which a party may "bring an action" in federal court. The Third Circuit framed the central issue as "whether [the defendant's] compulsory counterclaim is an 'action' under the IDEA, which would subject it to the 90 day statute of limitations"[6]—not whether it seeks affirmative relief or merely recoupment.

The Third Circuit reasoned that "an action is 'brought' when a plaintiff files a complaint,"[7] whereas "[c]ounterclaims are [ ] generally asserted in the

---

[4] *See Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997).

[5] *See Jonathan H. v. Souderton Area Sch. Dist.*, No. 07-3658, 2008 WL 746823, at *8 (E.D. Pa. Mar. 20 2008).

[6] *Jonathan H. v. The Souderton Area Sch. Dist.*, 562 F.3d 527, 529 (3d Cir. 2009).

[7] *Id.*

answer to a previously filed complaint."[8] Accordingly, stated the Third Circuit, "a defendant does not 'bring an action' by asserting a counterclaim; only a plaintiff may 'bring an action' for purposes of the IDEA."[9] The court then concluded that, because the IDEA's statute of limitations only "limits a party's right to 'bring an action' to within 90 days after the final administrative decision," "the plain language of the statutory text does not limit a party's right to pursue a counterclaim because the assertion of a counterclaim is not 'bring[ing] an action.'"[10]

In addition, the Third Circuit explained:

> Although our holding is dictated by the language of the IDEA, we note that it also establishes the fairer rule. If counterclaims were prohibited in this context, parties would file "protective complaints" to preserve issues adjudicated against them, even when they otherwise would countenance the administrative judgment, for fear that their adversaries would file complaints just before the statute of limitations expired—as [the defendant] did here.[11] This would cause unnecessary litigation. Our ruling allows parties to fairly assess their claims when they receive a mixed result from an administrative agency, and to file a complaint only when necessary.

The district court's reasoning falters in light of the Third Circuit's straightforward textual analysis and reasonable consideration of the practical application of the statute of limitations—not to mention the fact that the opinion primarily relied on by the district court is no longer good law. The core premise of the district court's decision is that the type of relief requested by a counterclaim is relevant to the application of the IDEA's statute of limitations.

---

[8] *Id.* at 530 (internal quotation marks and citation omitted).

[9] *Id.*

[10] *Id.* (alteration in original).

[11] And, notably, as Ruben A. did here, filing on the ninetieth day after the SEHO issued his final decision.

But that IDEA provision specifically applies to "[t]he party bringing the action" and neither expressly nor impliedly limits the filing of counterclaims in response to civil actions brought in federal court. As a result, the district court erred in dismissing EPISD's counterclaim as time-barred.

## III. CONCLUSION

For the foregoing reasons, we reverse the district court's order granting Ruben A.'s motion for partial summary judgment and dismissed EPISD's counterclaim. As such, we remand for the district court to consider the merits of EPISD's counterclaim and to conduct such other proceedings as it deems necessary or desirable in ruling on other issues not addressed in this appeal. REVERSED and REMANDED.