**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2143
_____

JENN-CHING LUO,
Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT; RICHARD MARCHINI;
GEOFFREY BALL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-02546)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: March 21, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jenn-Ching Luo appeals from orders of the District Court dismissing his complaint with prejudice and denying his motion for reconsideration. For the following reasons, we will affirm.

The Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, et seq., requires states receiving federal education funding, like Pennsylvania, to provide a Free Appropriate Public Education (FAPE) to disabled children until they reach 21 years of age. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 267 (3d Cir. 2014). To address education gaps wrought by COVID-19, Pennsylvania enacted Act 66 of 2021 which, in part, extended education enrollment for the 2021-2022 school year. See Act of June 30, 2021, P.L. 353, No. 66, § 1 (amending Public School Code of 1949, P.L. 30, No.14). As relevant here, § 1383 of the Act allowed students with a disability who were enrolled for the 2020-2021 school year, and turned 21 years old during that time, to attend a school entity for the 2021-2022 school year; and § 1501.10 of the Act allowed any student over 18 years of age "in a school entity . . . to repeat a grade level to make up for any lost educational opportunities." Id.

Luo is the father of B.L., a special needs student who enrolled in the 2021-2022 school year in the Owen J. Roberts School District pursuant to § 1501.10 of Act 66. B.L. turned 21 during that school year; thus, over Luo's objections, the School District determined that B.L. would not be entitled to continued enrollment after the end of the 2021-2022 school year.

2

In January 2022, Luo filed an administrative due process complaint arguing that that the School District was required to provide B.L. with a FAPE for the 2022-2023 school year pursuant to § 1501.10 of Act 66. Luo also claimed that the School District was required under the "stay put" provision of the IDEA, 20 U.S.C. § 1415(j), to allow B.L. to remain in his educational placement beyond the 2021-2022 school year while proceedings challenging B.L.'s education programs remained pending.[1] Following a hearing in March 2022, the Hearing Officer issued a decision concluding that B.L. had "no right to continued enrollment or to a FAPE beyond the end of the 2021-22 school year." ECF No. 7-2 at 17.

In June 2022, Luo filed a complaint with the District Court challenging the Hearing Officer's decision pursuant to 20 U.S.C. § 1415(i)(2). The complaint also brought claims pursuant to 42 U.S.C. § 1983 against the School District, its director of Pupil Services Richard Marchini, and its Special Education Supervisor Geoffrey Ball for violations of his constitutional rights. In an order entered June 29, 2022, the District Court granted the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed the complaint with prejudice. It subsequently denied Luo's timely motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). This appeal ensued.

---

[1] At the time the administrative complaint was filed, there were multiple matters pending in the District Court which involved Luo and the School District, and regarded B.L.'s education rights. See ECF No. 7-2 at 5, ⁋17 & n.5.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), and will affirm if the complaint fails to state a claim for relief that is plausible on its face See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011); see also Jonathan H. v. The Souderton Area Sch. Dist., 562 F.3d 527, 529 (3d Cir. 2009) (observing that an IDEA action pursuant to § 1415(i)(2) "is an original civil action rather than an appeal," and thus is "governed by the Federal Rules of Civil Procedure").

We agree with the District Court that Luo's claim challenging the Hearing Officer's decision fails as a matter of law.[2] First, Luo argued that the Hearing Officer, like the School District, deprived B.L. of "a year to make up for lost educational opportunities due to COVID-19," as provided by Act 66. But this claim is based on his misunderstanding that § 1501.10 of Act 66 *both* allowed students to repeat a grade "to make up educational opportunities" lost during the 2020-2021 school year *and* provided students with "an additional year" of schooling thereafter. ECF No. 1 at 7, ℙ45 & 8, ℙ47; ECF No. 8 at 6; Reply Br. at 5-6. Rather, as the Hearing Officer determined, the plain

---

[2] Contrary to Luo's argument on appeal, see Br. at 44-45, the District Court properly considered the Hearing Officer's decision in evaluating the motion to dismiss. See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). Moreover, in evaluating the claim seeking to vacate the Hearing Officer's decision, the District Court was required to apply a "modified" de novo review, giving "due weight" to the ALJ's factual determinations and "special weight" to the ALJ's credibility determinations. L.E. v. Ramsey Bd. Of Educ., 435 F.3d 384, 389 & n.4 (3d Cir. 2006). Notably, in his complaint, Luo contested the Hearing Officer's conclusions of law but not his fact finding. See ECF No. 1 at 9-12.

language of § 1501.10 provided only that students could repeat a grade level during the 2021-2022 school year. See ECF 7-2 at 8-9. Section 1383 of Act 66 provided an additional year of schooling for disabled students who turned 21 during the 2020-2021 school year and, thus, were no longer entitled to a FAPE under the IDEA. But that provision did not apply to B.L., nor did Luo contend that it did.[3] Luo elected to enroll B.L. for the 2021-2022 school year to repeat a grade level,[4] and Luo did not contend that B.L. was not permitted to do so. See ECF No. 1 at 4, 6-7; ECF No. 7-2 at 4-5, 10; Reply Br. at 5-6. That is all that B.L. was entitled to under Act 66.

Second, the Hearing Officer properly determined that the stay-put provision of the IDEA did not require the School District to maintain B.L.'s enrollment after the end of the 2021-2022 school year. The "stay-put" provision provides that, "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-

---

[3] After the Hearing Officer's decision, Pennsylvania enacted Act 55 of 2022 ("Act 55"), which allowed disabled students, like B.L., who turned 21 during the 2021-2022 school year and were enrolled for that school year, to attend a school entity for the 2022-2023 school year. See Act of July 8, 2022, P.L. 620, No. 55, § 16 (amending Public School Code of 1949, P.L. 30, No. 14). However, it does not appear that Luo elected to enroll B.L. under Act 55, and Luo asserts the Act is "irrelevant" to his claims. Br. at 44.

[4] As the Hearing Officer observed, because B.L. is in a specialized program for students with disabilities, "repeating a grade level means reteaching skills that were previously presented" (or "more accurately," providing funds so that B.L.'s private school could reteach his 2020-2021 curriculum during the 2021-2022 year). ECF No. 7-2 at 9. The Hearing Officer also observed that, under ACT 66, some disabled students, like B.L., who chose to repeat a grade under § 1501.10 would "age out of IDEA eligibility without a regular high school diploma." Id. Act 55 subsequently remedied that.

5

current educational placement of the child . . . until all such proceedings have been completed." 20 U.S.C. § 1415(j). The purpose of the provision is "to maintain the educational status quo while the parties' dispute is being resolved." T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist., 752 F.3d 145, 152 (2d Cir. 2014). The Hearing Officer properly determined that the protections of the stay-put provision terminate, like the right to a FAPE, once a student turns 21, see ECF No. 7-2 at 10-14. See Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Illinois State Bd. of Educ., 79 F.3d 654, 659 (7th Cir. 1996) (so holding, reasoning that, otherwise, "parents [could] obtain adult benefits for their child to which they had no entitlement simply by filing a claim for compensatory education on the eve of their child's turning 21"); see also Honig v. Doe, 484 U.S. 305, 318 (1988) (holding (under the predecessor IDEA statute) that a student over age 21 "is no longer entitled to the protections and benefits of the [statute]"). Therefore, B.L. was not entitled to the protections of the stay-put provision after he finished the 2021-2022 school year.

Based on the foregoing, the District Court properly dismissed the claim seeking to vacate the Hearing Officer's decision. And because it is clear B.L. was not deprived of a right to an additional year of educational benefits under Act 66, Luo's remaining claims – for violations of his equal protection and "liberty" rights – fail as a matter of law. Those claims were also based on Luo's misunderstanding of §1501.10. We agree with the District Court that dismissal with prejudice was appropriate because amendment of Luo's claims would be futile, see Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir.

2008), and that there was no basis for granting reconsideration, <u>see</u> <u>Max's Seafood Café</u> <u>ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (noting that the purpose of a Rule 59(e) motion "is to correct manifest errors of law or fact or to present newly discovered evidence" (citation omitted)).

Accordingly, we will affirm the District Court's judgment.[5]

---

[5] Appellant's motion to certify a question to the Pennsylvania Supreme Court is denied.