**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1030
_____

JENN-CHING LUO,
                                        Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT; GEOFFREY BALL;
SHARON W. MONTANYE; SWEET STEVENS KATZ WILLIAMS LLP;
PENNSYLVANIA DEPARTMENT OF EDUCATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-06568)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: September 16, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Jenn-Ching Luo appeals from orders of the District Court dismissing the claims in his civil suit and denying his motion for reconsideration. For the following reasons, we will vacate the District Court's judgment in part, affirm in part, and remand for further proceedings.

Luo is the parent of B.L., a special needs student in the Owen J. Roberts School District. In December 2016, Luo filed a complaint in the District Court alleging that he filed an administrative due process complaint under the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1411, which was denied by a hearing officer. He sought the District Court's review of the hearing officer's decision pursuant to the IDEA. See 20 U.S.C. § 1415(i)(2) (providing a party aggrieved by a hearing officer's decision under the IDEA the right to bring a civil action in a district court). The complaint also alleged civil claims against the School District and its Special Education Supervisor, Geoffrey Ball ("the District defendants"); the School District's counsel during the administrative hearings, Sharon Montanye, and her law firm, Sweet Stevens Katz Williams LLP ("the attorney defendants"); and the Pennsylvania Department of Education (PDE).

In May 2021, the District Court consolidated the matter (Luo IV), for administrative purposes only, with four other matters (Luo I, Luo II, Luo V, and Luo VI) in which Luo had filed complaints against the School District and various defendants. The District Court entered an order on October 30, 2023, addressing outstanding motions and claims in Luo I, Luo IV, Luo V, and Luo VI. As relevant here, the District Court dismissed with prejudice "[a]ll claims in Luo IV." ECF No. 40 at 2. Luo filed a motion

2

for reconsideration arguing, inter alia, that the District Court failed to address his "appeal[ ] of hearing officer's decision[ ]" (i.e., his § 1415(i)(2) claim), as well as a number of his civil claims, in Luo IV, and therefore that it was "premature" "to dismiss the [c]omplaint entirely and close the case." ECF No. 41 at 2, 22. The District Court granted the reconsideration motion in Luo IV only as to the civil claims it overlooked; it then addressed the outstanding claims, and dismissed them with prejudice in an order entered December 8, 2023. Luo appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Federal Rule of Civil Procedure 12(b)(6), and will affirm if the complaint fails to state a claim for relief that is plausible on its face. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011); see also Jonathan H. v. The Souderton Area Sch. Dist., 562 F.3d 527, 529 (3d Cir. 2009) (observing that an IDEA action pursuant to § 1415(i)(2) "is an original civil action rather than an appeal," and thus is "governed by the Federal Rules of Civil Procedure").

We reject Luo's primary argument on appeal that the District defendants' motions to dismiss were "void," and that he was entitled to default judgment against all defendants. See Fed. R. Civ. P. 55(a) (providing that a default judgment is warranted where a party "failed to plead or otherwise defend" the claims against him or her). He claims that the deadline for the defendants to answer the complaint expired on January 26, 2017, 21 days after summonses were issued, and more than four years before motions to dismiss were filed. Not so. The matter was stayed on January 4, 2017, pending an appeal to this Court in another of Luo's cases, see E.D. Pa. Civ. No. 15-cv-04248 (Luo

3

III).  And, as the District Court explained in denying Luo's motions for default judgment, Luo's cases have a complicated procedural history which further delayed the proceedings.[1]  See ECF No. 39.  The defendants were not required to respond to the complaint until after the stay was lifted, and, under the circumstances, the District Court did not abuse its discretion in deeming the motions to dismiss as timely filed, and determining that there was no basis for default judgment against any defendant.[2]  See generally In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (noting that "matters of docket control . . . are committed to the sound discretion of the district court").  Moreover, we note that Luo responded to the motions to dismiss and took every available opportunity to argue his case.

---

[1] After this Court's mandate issued in the appeal in Luo III, in July 2018, Luo immediately filed motions for default judgment.  In November 2020, he filed a motion to lift the stay.  In an order entered February 9, 2021, the District Court lifted the stay, and directed Luo "to consolidate his claims as per [the November 29, 2016 order] by filing a second amended consolidated complaint in [Luo I] *so that litigation can proceed*."  ECF No. 17 (emphasis added).  Luo filed a timely motion for reconsideration, which sought clarification as to whether he was required to replead his claims in Luo I, Luo IV, and Luo V in one amended consolidated complaint case, and, if so, arguing that it was improper, and asserting that he would stand on his initial complaint.  See ECF No. 18 at 2.  In May 2021, the District Court denied that motion and consolidated the matters for administrative purposes only, obviating the need for an amended complaint.  See ECF Nos. 24 & 26.  Luo sought reconsideration, which was denied, and then an appeal.  We dismissed the appeal for lack of jurisdiction.  See C.A. No. 21-2569, 09/07/22 Order (dismissing appeal for lack of jurisdiction).

[2] The PDE did not file a motion to dismiss the claim against it, which was filed pursuant to 42 U.S.C. § 1983.  However, in its response in opposition to Luo's motion for default judgment, PDE noted that, given the procedural posture of the case at that point, it was unclear whether a responsive pleading was required, and indicating "[i]f it is, PDE will promptly provide one."  ECF No. 37 at 2.  Moreover, PDE argued in that response that it was entitled to absolute immunity under the Eleventh Amendment, and that the District Court could raise the issue sua sponte, which the Court subsequently did.

4

Luo next argues that the District Court erred in dismissing his claim against the PDE (Claim 15) on immunity grounds. He notes, correctly, that Congress abolished sovereign immunity for violations of the IDEA. See M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark, 344 F.3d 335, 351 (3d Cir. 2003). But his claim was grounded in § 1983,[3] not the IDEA, and as an "arm of the state," the PDE is immune from such a claim. See Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (noting that a state agency or department is an "arm of the state" when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself" (citation omitted)); see also Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020) (noting that Pennsylvania has not waived the immunity defense and Congress has not abrogated Eleventh Amendment immunity under § 1983). The District Court therefore lacked jurisdiction to consider it.

Luo's remaining claims largely stem from the following events, as alleged in the complaint. First, defendant Ball terminated B.L.'s bus aide. Luo filed an administrative due process complaint under the IDEA, seeking the bus aide's reinstatement. The bus aide was restored, which Luo alleged "mooted" the proceeding. ECF No. 1 at 9, ¶44. On Montanye's motion, however, the hearing officer (HO), Charles W. Jelley, continued the proceeding to determine whether a bus aide was *necessary for the delivery of [a] FAPE*

---

[3] To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

*to the child*." Id. at 9, ¶49 (emphasis in original). Ultimately, HO Jelley "denied Montanye's collateral issue," citing Montanye's lack of evidence, and directed the parties to address the issue at an Individualized Education Plan (IEP) meeting. Id. at 13, ¶65.

Second, at an IEP meeting in 2016, which was scheduled to discuss B.L.'s Individualized Education Evaluation (IEE), defendant Ball allowed an evaluator to participate by phone conference, without giving Luo notice. The parties did not reach an agreement about a revised IEP at the meeting, but, afterwards, Ball arbitrarily revised it and falsely claimed that Luo agreed with the revisions. Luo filed another due process complaint, challenging the IEP meeting and the revised IEP. The HO, Jake McElligott, ruled in favor of the School District.

Luo brought numerous claims under § 1983 against the various defendants. His claim against the attorney defendants for abuse of process (Claim 6) fails because they are not liable as state actors for performing their functions as attorneys for the School District. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir.1999) (holding that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"). A person acts under color of state law "only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Polk Cty. v. Dodson, 454 U.S. 312, 317-18 (1981). Their representation of the School District was not by virtue of state law.[4]

---

[4] The District Court properly dismissed the only other claim against the attorney defendants, which was for "Malicious Prosecution (The Dragonetti Act)" (Claim 9) for

The District Court properly determined that Luo failed to state a claim for relief against the District defendants, and that leave to amend would be futile. Luo did not adequately plead a substantive due process claim (Claim 1) because none of the District defendants' alleged conduct regarding the bus aide, the IEP meeting, or the IEP revisions, would "shock the conscience" and thereby rise to the level of a constitutional violation. See Miller v. City of Philadelphia, 174 F.3d 368, 374-75 (3d Cir. 1999) (recognizing that to state a substantive due process claim under § 1983, the plaintiff must allege conduct by a government actor that "shocks the conscience").

Nor did Luo state a viable procedural due process claim, which required alleging that the District defendants deprived him of an individual interest that is "encompassed within the Fourteenth Amendment's protection of life, liberty, or property," and that the available procedures did not provide due process of law. In re Energy Future Holdings Corp., 949 F.3d 806, 822 (3d Cir. 2020) (quoting Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006). First, Luo failed to allege the deprivation of a constitutionally protected interest stemming the first administrative hearing (Claims 2, 7 & 8), where he maintains that the administrative due process complaint was "mooted," and HO Jelley denied Montanye's "collateral issue." See ECF No. 1 at 14 (stating that "the matter restored back to the original state, e.g., before Defendant Ball terminated bus aide").

---

"maintaining the mooted hearing [before HO Jelley] to prosecute the collateral issue." ECF No. 1 at 32, ¶241. Luo cannot prevail on this claim because, according to the complaint, the attorney defendants neither initiated the administrative proceeding nor prevailed in it. See U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 394 (3d Cir. 2002); see also 42 Pa. Con. Stat. § 8351.

Second, Luo claimed that the District defendants violated his due process rights by implementing HO McElligott's decision from the second administrative hearing before the time to appeal the decision had expired (Claim 14). The procedural safeguards governing the provision of a FAPE are set forth at 20 U.S.C. § 1415, including the right to challenge a revised IEP by filing a due process complaint, and the right to a hearing on that complaint. As relevant here, the statute also provides that Luo, as the party aggrieved by McElligott's decision upholding the IEP, had 90 days to bring a civil action in the District Court pursuant to 20 U.S.C. § 1415(i)(2) with respect to the due process complaint. But the statute does not provide any protections against implementation of the HO's decision during the appeal period, and Luo could have moved in the District Court to stay implementation of the IEP while his § 1415(i)(2) claim was pending. Accordingly, he has failed to sufficiently plead that the District defendants denied him any process that was due.

Finally, we agree with the District Court that Luo's claims that the District defendants violated his "liberty right" to "direct" B.L.'s education (Claims 3, 5, 10-13 & 16) and his "property" right to a bus aide (Claim 4) were not actionable under § 1983. Luo's various allegations regarding the bus aide, a bullying incident on the bus, and the IEP or IEP meetings are related to B.L.'s education and services under the IDEA, and, as such, any perceived violations of Luo's rights cannot be remedied under § 1983. See A.W. v. Jersey City Public Schools, 486 F.3d 791, 802 (3d Cir. 2007).

We now turn to Luo's argument that the District Court failed to address his claim, brought pursuant to § 1415(i)(2), which sought review of HO McElligott's decision. See

8

ECF No. 1 at 20-23. Although the District Court recognized the claim, and purported to grapple with it, the Court misconstrued it "as an IDEA claim against the School District," and conflated it with several of Luo's § 1983 claims. ECF No. 39 at 9-11. We will therefore remand this matter for proper consideration of the § 1415(i)(2) claim. We note that, when, as here, a plaintiff brings a civil action under the IDEA, a district court "shall receive the records of the administrative proceedings," "shall hear additional evidence at the request of a party," and, "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).

Based on the foregoing, we will vacate the District Court's judgment to the extent it dismissed the § 1415(i)(2) claim, and remand for further proceedings.[5] We will otherwise affirm.

---

[5] Luo's motion to dismiss for lack of jurisdiction is denied. His request for a sanction is denied without prejudice to his raising the issue in the District Court, where Appellees' alleged conduct occurred.

9