NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3048
_____

JENN-CHING LUO,
                    Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT;
SHARON W. MONTANYE; SWEET STEVENS KATZ WILLIAMS LLP;
JAMES GERL; PENNSYLVANIA DEPARTMENT OF EDUCATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-01098)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Jenn-Ching Luo appeals from orders of the District Court dismissing his actions brought pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, et seq., and his related claims. For the following reasons, we will affirm the District Court's judgment.

Luo is the parent of B.L., a former special needs student in the Owen J. Roberts School District. In March 2021, Luo filed a complaint in the District Court alleging that he filed two administrative due process complaints under IDEA which were denied by Hearing Officer James Gerl. Luo sought the District Court's review of Gerl's decisions pursuant to the IDEA. See 20 U.S.C. § 1415(i)(2) (providing a party aggrieved by a hearing officer's decision under the IDEA the right to bring a civil action in a district court). The complaint also included claims for, inter alia, denial of Luo's due process and "liberty" rights pursuant to 42 U.S.C. § 1983. In addition to Gerl, it named as defendants the School District; its counsel during the administrative hearings, Sharon Montanye, and her law firm, Sweet Stevens Katz Williams LLP (collectively the attorney defendants); and the Pennsylvania Department of Education (PDE).

In May 2021, the District Court consolidated the matter (Luo VI), for administrative purposes only, with four other matters (Luo I, Luo II, Luo IV, and Luo V) in which Luo had filed complaints against the School District and various defendants. We twice dismissed appeals from orders of the District Court purporting to dismiss all of the claims in Luo VI pursuant to Federal Rule of Civil Procedure 12(b)(6); both times, we determined that the § 1415(i)(2) actions remained outstanding, and, therefore, that we

2

lacked appellate jurisdiction.  See Luo v. Owen J. Roberts Sch. Dist., No. 22-1635, 2023 WL 5600965 (3d Cir. Aug. 30, 2023); Luo v. Owen J. Roberts Sch. Dist., C.A. No. 24-1031, June 26, 2024 Order.

After the second remand, the District Court entered an order granting the PDE's motion to dismiss the § 1415(i)(2) "appeals,"[1] dismissing "all claims" in Luo VI, and denying reconsideration of an order denying Luo's "motion for entry of default."  ECF No. 54.  Luo appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the District Court's dismissal of Luo's claims under Federal Rule of Civil Procedure 12(b)(6).  See Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir. 2017).  To survive a motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  We construe Luo's pro se pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

IDEA Proceedings

Luo filed his administrative due process complaints with the Office of Dispute Resolution (ODR) challenging the lawfulness of a Notice of Recommended Educational Placement (NOREP) provided by the School District.  A NOREP is used to provide a

---

[1] Although the District Court refers to the § 1412(i)(2) "claims" as "appeals," a proceeding under the statute "is properly characterized as an original 'civil action,' not an 'appeal.'"  Jonathan H. v. The Souderton Area Sch. Dist., 562 F.3d 527, 529 (3d Cir. 2009).  We refer to the "§ 1415(i)(2) actions" to distinguish them from the other claims.

parent with notice of any potential changes to a student's Individualized Education Plan (IEP). Luo claimed that the NOREP form violated his "liberty right" because it indicates that the action or recommendation will be implemented unless the parent requests "Due Process or Mediation through the Office for Dispute Resolution." ECF No. 1 at 4. Specifically, he argued that the process outlined in the NOREP violates his "right to decline to give a consent" by requiring him, as the parent, to take action to prevent implementation of changes to the IEP. Id. at 4-5.

The School District filed a motion to dismiss the first complaint, arguing that Hearing Officer Gerl lacked the authority to rule on the due process complaint. Gerl granted the motion. He first noted that his authority was limited to remedying "violations involving issues of evaluation, identification, placement or provision of [a Free Appropriate Public Education (FAPE)]." 12/23/20 Gerl Decision at 3-4. Gerl determined that Luo's claim regarding the NOREP did not state an actionable IDEA violation, and, thus, that he lacked the authority to rule on the complaint. Luo filed another due process complaint, which Gerl determined was "substantially identical" to the prior complaint. 1/15/21 Gerl Decision at 3. Gerl therefore granted the School District's motion to dismiss the second complaint as res judicata. Id. at 26. Luo sought review of Gerl's decision orders pursuant to § 1415(i)(2).

§ 1415(i)(2) Claims

We first reject Luo's argument that the District Court erred in failing to enter default judgment against the School District and the PDE on the § 1415(i)(2) actions or to

4

impose sanctions. A default judgment is warranted where a party "failed to plead or otherwise defend" the claims against it. See Fed. R. Civ. P. 55(a). Luo incorrectly claims that the time to answer the complaint expired 14 days after the District Court first dismissed the complaint against both defendants by order entered March 21, 2022. See Fed. R. Civ. P. 12(a)(4) (providing that, if a defendant files a motion to dismiss pursuant to Rule 12(b)(6), the defendant must serve an answer within 14 days after the Court *denies* the motion to dismiss). Luo timely appealed from that order, and, after we remanded for consideration of the outstanding § 1415(i)(2) actions, the School District "otherwise defend[ed]" the actions by filing a motion to dismiss, which was granted by the District Court. See id.; see also Ashby v. McKenna, 331 F.3d 1148, 1151-52 (10th Cir. 2003) (discussing the interplay between Rule 55 and Rule 12(a)(4), and recognizing that a defendant has no obligation to answer while a motion to dismiss is pending). And likely because it was unclear whether the parties were required to defend the § 1415(i)(2) actions,[2] the PDE did not file a motion to dismiss until the District Court directed it to address the claims. Under the circumstances, the District Court did not abuse its

---

[2] The complaint sought "[r]eview" of HO Gerl's decision, and separately pleaded "[c]laim[s]" against the various defendants. In its initial motion to dismiss, the School District did not defend HO Gerl's decision, stating that "Claim 11" was the only claim against it. ECF No. 11-1 at 2. Gerl's decisions were captioned "B.L., Student by Parents, v. Owen J. Roberts School District." After we remanded the matter a second time, the District Court noted that it was acting "in the interest of justice" in giving the PDE the opportunity to file a motion to dismiss "what appears to be an IDEA claim against it." On appeal, the PDE argues, as it did in the District Court, that it was not a proper party to those claims. We need not decide that issue because, as discussed below, Gerl properly dismissed Luo's due process complaint.

discretion in deeming the motions to dismiss as timely filed, and determining that there was no basis for default judgment against either defendant. See generally In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (noting that "matters of docket control . . . are committed to the sound discretion of the district court"); see also Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989) (noting the standard of review).

The District Court dismissed Luo's § 1415(i)(2) actions on alternative grounds. First, it agreed with defendants that the actions were moot because B.L. had turned 21. See Ferren C. v. Sch. Dist. of Phila., 612 F.3d 712, 717 (3d Cir. 2010) (stating that "a school district's obligations to provide and a student's right to receive a [FAPE] both terminate when the child reaches the age of twenty one"); see also 22 Pa. A.D.C. § 12.1(a) (providing that persons "between the ages of 6 and 21 years" are entitled to a FAPE in the Commonwealth). Luo does not meaningfully challenge this determination, nor would such a challenge succeed.

As the District Court recognized, "an individual over [21] is still eligible for compensatory education for a school district's failure to provide a FAPE prior to the student turning [21]." Id. at 718. But, as the hearing officer concluded, Luo's due process complaint did not state an actionable claim for the denial of a FAPE. See D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 565 (3d Cir. 2010) (recognizing that a procedural violation will constitute the denial of a FAPE only "if it results in a loss of educational opportunity for the student, seriously deprives parents of their participation rights, or causes a deprivation of educational benefits"). In particular, Luo did not allege how the

6

NOREP denied him the right to meaningfully participate in B.L.'s education.[3]

Accordingly, the District Court properly dismissed the § 1415(i)(2) actions as moot.  See

American Bird Conservancy v. Kempthorne, 559 F,3d 184, 188 (3d Cir. 2009)

(addressing the threshold matter of mootness because it implicates jurisdiction).

The PDE & Gerl's Immunity

We agree with the District Court that both the PDE and Gerl are immune from

Luo's other claims.  First, as an arm of the state, the PDE is generally immune from suit

in federal court under the Eleventh Amendment.  See Fitchik v. N.J. Transit Rail

Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (noting that a state agency or

department is an "arm of the state" when a judgment against it "would have had

essentially the same practical consequences as a judgment against the State itself").  Its

immunity extends both to state law claims, see Pennhurst State Sch. & Hosp. v.

Halderman, 465 U.S. 89, 106 (1984), and § 1983 claims, see Downey v. Pa. Dep't of

---

[3] Because the due process complaint notices failed to assert the denial of a FAPE, they were insufficient under 20 U.S.C. § 1415(b)(7)(A)(ii)(III) (providing that a due process complaint notice must include "a description of the nature of the problem of the child relating to [a] proposed initiation or change [to an IEP], including facts relating to such problem"); see also 34 C.F.R. § 300.508 (providing the same where the due process complaint lacks that information).  Pursuant to 20 U.S.C. § 1415(c)(2)(A), the School District filed the motion to dismiss the complaint notice, arguing that it did not relate to B.L.'s educational program or placement, and thereby notifying HO Gerl that it was deficient under § 1415(b)(7)(A)(ii)(III).  See also 24 C.F.R. § 300.510(b)(4) (demonstrating that the IDEA contemplates the filing of a motion to dismiss).  Therefore, Luo's argument that he was wrongfully deprived a hearing by an "[un]warranted" motion to dismiss ("Point 1") is meritless.  Appellant's Br. at 9-10.

Corr., 968 F.3d 299, 310 (3d Cir. 2020) (noting that Pennsylvania has not waived the immunity defense and Congress has not abrogated Eleventh Amendment immunity under § 1983).  Although the PDE is not entitled to immunity from claims brought pursuant to the IDEA, Luo's IDEA-based claims were grounded in § 1983.[4]

Next, Gerl was entitled to absolute immunity from suit because he was acting in a quasi-judicial capacity as a hearing officer when he presided over the administrative proceedings.  See ECF No. 24 at 18-19; see also Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006) (recognizing, in a § 1983 action, that a public official whose "role is 'functionally comparable to that of a judge'" enjoys "absolute immunity from suit"); see also Petition of Dwyer, 406 A.2d 1355, 1359 (Pa. 1979) (recognizing the same in a state lawsuit).  As previously discussed, the IDEA provides for motions to dismiss.  Gerl is similarly immune from his actions in sanctioning Luo for his abusive behavior during the administrative proceedings.  See Stump v. Sparkman, 435 U.S. 349, 256-57 (1978) (recognizing that a judicial officer is immune from actions taken "in error, [ ] done maliciously, or [ ] in excess of his authority," and is "subject to liability only when he has acted in the 'clear absence of all jurisdiction'").  Accordingly, because the District

---

[4] Luo mistakenly relies on M.A. ex rel. E.S v. State-Operated School District of City of Newark, 344 F.3d 335 (3d Cir. 2003), to support his argument that the PDE is not immune to his § 1983 claims.  The § 1983 claims in that case were for IDEA violations, see M.A. ex rel. E.S., 344 F.3d at 338; but we have subsequently recognized that § 1983 is not available to remedy IDEA violations, see A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 803 (3d Cir. 2007) (en banc).

Court lacked jurisdiction over the claims against Gerl and the PDE, it properly dismissed them.

State Law Claims

Luo pleaded negligence claims against the attorney defendants, and common law abuse of process and conspiracy claims against Montanye. The claims stemmed from the administrative proceedings, particularly the motions to dismiss. As Luo acknowledges on appeal, an ordinary negligence claim, like a malpractice action, requires the plaintiff to establish that the defendant owed a duty to the plaintiff which was breached. Merlini ex rel. Merlini v. Gallitzin Water Auth., 934 A.2d 100, 104 (2007). Luo did not allege sufficient facts to support his claim that Montanye, as the School District's attorney, or her law firm, owed him a duty, including, as he presses on appeal, a "social duty of care." Cf. Althaus v. Cohen, 756 A.2d 1166, 1168-69 (Pa. 2000). Nor did he sufficiently plead a common law abuse of process claim. To do so, Luo had to allege that Montanye used a legal process against him "primarily to accomplish a purpose for which the process was not designed," causing him harm. Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008). Luo alleged only that she "perver[ted]" the process by the filing the motion to dismiss in the first hearing. ECF No. 1 at 18. Similarly, because the motion to dismiss was not "unlawful," Luo could not state a claim for relief for civil conspiracy. Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004) (noting that to state a civil conspiracy claim a plaintiff must allege that "two or more persons acted with a

9

common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose").

§ 1983 Claims

We can quickly dispense with Luo's remaining § 1983 claims. "[A] plaintiff seeking to hold an individual liable under § 1983 must establish that [they were] deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). The attorney defendants are not liable as state actors for performing their functions as attorneys for the School District. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir.1999) (holding that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"). And the District Court properly concluded that the claim against the School District for violation of a "liberty right" fails to state a claim for relief. Luo alleged that his "right to direct his child's education" was violated by the NOREP. The NOREP merely requires a parent to indicate their agreement or disagreement with proposed changes, and, in the latter case, provides an opportunity to request a due process hearing or mediation.[5] In this regard, the NOREP neither "shocks the conscience," as required to adequately plead a substantive due process claim, see

---

[5] We take judicial notice that, since before 2012, when Luo claims he first confronted the "confusing NOREP," Appellant's Br. at 2, the NOREP has informed parents of their right to a due process hearing or mediation, which they can request on the form. See, e.g., https://www.pattan.net/assets/PaTTAN/de/de805b00-70f0-4d54-90d1-4822158379fb.pdf

10

<u>Miller v. City of Philadelphia</u>, 174 F.3d 368, 374-75 (3d Cir. 1999), nor deprives a parent of procedural due process, <u>see</u> <u>In re Energy Future Holdings Corp.</u>, 949 F.3d 806, 822 (3d Cir. 2020).

In sum, the District Court properly dismissed the § 1415(a)(i) actions as moot and the other claims for failing to state a claim for relief. We agree that amendment of the complaint would be futile. <u>See</u> <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir. 1988). Accordingly, we will affirm the District Court's judgment.